UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
_____X

CHRISTIANA BANK & TRUST COMPANY,
AS TRUSTEE OF THE SEQUOIA FUNDING
TRUST,

                          Plaintiff.

                                                          Docket CV-06-3206(JS)(ETB)

            -against-

Denise Dalton A/K/A Denise Richards; Robert
Simon; Neighborhood housing services of Jamaica,     **NOTICE OF MOTION**
Inc.; The Brooklyn Union Gas Company; Criminal           **FOR DEFAULT**
Court of the City of New York; New York State            **JUDGMENT**
Department of Taxation and Finance; New York         WITH Exhibit "A" Summons
City Environmental Control Board; "JOHN DOE #1"       Exhibit "B" Complaint Exhibit
Through "JOHN DOE #10" inclusive, the names of        "C" proof service Exhibit "D"
the ten last name Defendants being fictitious, real   declaration in Support
names intended being persons or corporations having is
an interest in, or tenants or persons in possession of,
portions of the mortgaged premises described in the
Complaint,

                          Defendants.
_____X

Robert Simon

                          Defendant
                    Third parties Complaint
            -against-
First Continental Mortgage Investment Corporation,
AT Mortgage Inc. DBA First Capitol home,
United State Federal Corporation, federal Deposit
Insurance corporation, The City of New York, Federal
Reserve Bank, Municipal Corporation of the State of New
York and The United State of America
                          Defendants.
_____X


      PLEASE TAKE NOTICE that upon the defendant papers and Exhibits, hereto

served herein, will moved at this court on this day, or soon thereafter as counsel and pro

se can be heard , before United States District Court Judge Seybert, at the United States

1

of, the provisions of the Constitution; and, having done that, its duty ends. See, <u>U.S. v. Butler</u>, 297 U.S. 1 (1936), at 62-63.

WHEREFORE, Defendant Robert Simon respectfully request that the Court enter default Judgment on First Continental Mortgage Investment Corporation, AT Mortgage Inc. DBA First Capitol home, United State Federal Corporation, federal Deposit Insurance corporation, The City of New York, Federal Reserve Bank, Municipal Corporation of the State of New York and The United State of America, **and for such other and further relief as may be just and proper.**

Dated: February D4, 2008
Queens County

**Pro se Defendant Robert Simon**
**4 Whinston Street**
**Coram N.Y. 11727. 631-327-0813**

## CERTIFICATE OF SERVICE

I Defendant Robert Simon hereby certify under the penalty of perjury that on February 01, 2008, I have served the MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ROBERT SIMON NOTICE OF MOTION FOR DEFAULT JUDGMENT ON THE THIRD PARITIES COMPLAINT DEFENDANTS to the name herein below; by causing same to be placed in the United States mail, postage prepaid, and addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

First Continental Mortgage Investment Corporation, Attorney Edward R. Finkelstein 1350 Broadway New York New York 10018, 11th Floor

Neighborhood Housing Services Kent B. Dolan Lifflander Reich LLP 1221 Avenue of Americas 26th Floor New York, NY 10020-1089

AT Mortgage Inc. DBA First Capitol home Richard F. Harrison Thelen Reid Brown Raysman & Steiner LLP 900 Third Avenue New York, NY 10022

CHRISTIANA BANK & TRUST COMPANY, AS TRUSTEE OF THE SEQUOIA FUNDING TRUST, Knuckles & Komosinski 220 White Plains Road 6th Floor Tarrytown, NY 10591

Thomas M. Clark Federal Deposit Insurance Corporation New York Legal Services Office Room 6066 20 Exchange Place New York, NY 10005

Michelle H. Kalstein Federal Reserve Bank of New York  33 Liberty Street 7th Floor New York, NY 10045

Municipal Corporation of the State of New York Alan W. Gitter  NYS Department of Law  300 Motor Parkway-suite 125 Hauppauge, NY 11788

Corporation counsel of The City of New York 100 Church Street New York, N.Y. 10007

U.S. Attorney General for United State Federal Corporation,  at  United States District Court 610 Federal Plaza Central Islip N.Y. 11722

The Property known as 156-10 134th Avenue, Jamaica, N.Y. 11434,

U.S. Attorney General for **United State** America  **at**  United States District Court 610 Federal Plaza Central Islip N.Y. 11722

Denise Dalton, 156-10 134th Avenue, Jamaica, N.Y. 11434

Dated February **04** 2008,
County of Queens

Defendant-Robert Simon Pro se
4 Whinston Street Coram, N.Y.
11727
1-631-327-0813

District Courthouse, 100 Federal Plaza Central Islip , New York 11722 Courtroom 1040, pursuant to Federal Rule of Civil Procedure Rule 55(2) for the entering of a default Judgment against the defendants in the third parties complaint herein, as defendants First Continental Mortgage Investment Corporation, AT Mortgage Inc. DBA First Capitol home, federal Deposit Insurance corporation, The City of New York, Federal Reserve Bank, and Municipal Corporation of the State of New York: In support of this motion, defendant Robert Simon respectfully submits as follows:

The third parties Defendant Has Failed to Answer the First and Ninth Amendment Third parties Complaint without Scienter, set aside fraudulent conveyance and for fraud upon the Constitution for the United States of America, and federal and state Legislature statues, acts, violation of corporation charter and it's by laws and conspired to evade and overthrow lawful authority, or Otherwise Defend This Action and the Pro se defendant Robert Simon is Entitled to a <u>Judgment By Default</u>. "<u>A corporation, quite as much as an individual, is held to a careful adherence to truth in their dealings with mankind.</u>" See <u>Zabriskie –v- Cleveland, C. & C. R.R.</u>, 23 How (64 U.S.) 381, 400-401. The court held that: "<u>The obligation to do justice rests upon all persons, natural and artificial.</u>" See <u>Marsh –v- Fulton Co.</u>, 10 Wall. (77 U.S.) 676, 684.

Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure provides that a third parties defendant shall serve its answer to a third parties complaint within twenty days of service of the latter. As noted above, the First and Ninth Amendment Third parties Complaint without Scienter, set aside fraudulent conveyance and for fraud upon the Constitution for the United States of America, and federal and state Legislature statues, acts, violation of corporation charter and it's by laws and conspired to evade and

2

overthrow lawful authority, in this case was filed on August 08, 2007, and personally served upon the defendants, by personal service, within 120 day from the time of filing the Third parties complaint. The third parties Summons, issued by the Court on September 07, 2007 and served upon the defendant together with the Complaint, notified the defendant of its obligation to file an answer with the Clerk of Court, and to serve a copy of the Answer upon the Pro se defendant Robert Simon, within twenty days from the date of service. Twenty days, defendants First Continental Mortgage Investment Corporation, AT Mortgage Inc. DBA First Capitol home, federal Deposit Insurance corporation, The City of New York, Federal Reserve Bank, and Municipal Corporation of the State of New York had not filed an answer with the Clerk, had not served an answer upon the Pro se defendant Robert Simon, had made no entry of appearance in this matter, and had not otherwise responded to the civil action instituted against it by the Pro se defendant Robert Simon. To this date, third parties defendants First Continental Mortgage Investment Corporation, AT Mortgage Inc. DBA First Capitol home, federal Deposit Insurance corporation, The City of New York, Federal Reserve Bank, and Municipal Corporation of the State of New York has undertaken no defense in this matter.

The Pro se defendant Robert Simon recognizes that entry of a default judgment against a defendants is a severe remedy. See, e.g., E.F. Hutton & Co., Inc. v. Moffatt, 460 F.2d 284, 285 (5th Cir. 1972). Where, as here, however, a partiesdoes not respond to a properly served Complaint and ignores a duly issued and properly served Summons of a Court, a default judgment, though drastic, is the appropriate and, indeed, only recourse. See In re Knight, 833 F.2d 1515, 1516 (11th Cir. 1987)(where parties offers no good

reason for late filing of answer, entry of default judgment appropriate); First City Nat'l Bank of Fort Worth v. Cook, 117 F.R.D. 390 (N.D. Tex. 1987)(default judgment appropriate where partiesserved has failed to answer). The Pro se defendant Robert Simon would prefer that this case be decided upon its merits and has every confidence it would prevail at a trial. Since the third parties defendant does not appear disposed to defend this action, however, this Court has as the only avenue available to conclude this matter, the entry of a default judgment against the third parties defendants First Continental Mortgage Investment Corporation, AT Mortgage Inc. DBA First Capitol home, federal Deposit Insurance corporation, The City of New York, Federal Reserve Bank, and Municipal Corporation of the State of New York. In Dow v. Johnson, 10 Otto (100 U.S.) 158, 193, the court held: "Every man is liable to be sued wrongfully or without cause, but he is, by the very genius of our laws, bound to submit to this evil and make defense."

1. Exhibit "A" is the Third parties Summons served upon the Third parties Complaint Defendants, First Continental Mortgage Investment Corporation, AT Mortgage Inc. DBA First Capitol home, federal Deposit Insurance corporation, The City of New York, Federal Reserve Bank, and Municipal Corporation of the State of New York.

2. Exhibit "B" is the First and Ninth Amendment Third parties Complaint without Scienter, set aside fraudulent conveyance and for fraud upon the Constitution for the United States of America, and federal and state Legislature statues, acts, violation of corporation charter and it's by laws and conspired to evade and overthrow lawful authority, which were served upon the Third parties Complaint Defendants, First

4

Continental Mortgage Investment Corporation, AT Mortgage Inc. DBA First Capitol home, federal Deposit Insurance corporation, The City of New York, Federal Reserve Bank, and Municipal Corporation of the State of New York, which pro se defendant Robert Simon have sets forth a "plausibility" standard which a complaint must meet to sufficiently state a claim and plead "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [his claim]" See, Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955 (U.S. 2007).

3. Exhibit "C" is proof of ninth Declaration of service of the Third parties Summons and the First and Ninth Amendment Third parties Complaint without Scienter, set aside fraudulent conveyance and for fraud upon the Constitution for the United States of America, and federal and state Legislature statues, acts, violation of corporation charter and it's by laws and conspired to evade and overthrow lawful authority, upon third parties defendants First Continental Mortgage Investment Corporation, AT Mortgage Inc. DBA First Capitol home, federal Deposit Insurance corporation, The City of New York, Federal Reserve Bank, and Municipal Corporation of the State of New York. Therefore, the court must accept the facts alleged in the complaint as true, *see Zinerman v. Burch*, 494 U.S. 113, 118 (1990), and make all reasonable inferences in favor of the Pro se Defendant Robert Simon.

4. Exhibit "D" is the Complaint Defendant Pro Se Robert Simon Statement made in the declaration are based on my personal knowledge, and if called as a witness, I could testify competently to these matter and Memorandum of Law in support of Default Judgment.

5

5. The third parties defendants First Continental Mortgage Investment Corporation, AT Mortgage Inc. DBA First Capitol home, federal Deposit Insurance corporation, The City of New York, Federal Reserve Bank, and Municipal Corporation of the State of New York, have willfully, knowingly and unlawfully defaulted to Pro se defendant Robert Simon by ignore a properly served of third parties Summons and theFirst and Ninth Amendment Third parties Complaint without Scienter, set aside fraudulent conveyance and for fraud upon the Constitution for the United States of America, and federal and state Legislature statues, acts, violation of corporation charter and it's by laws and conspired to evade and overthrow lawful authority. In Edward's v. Elliott, 21 Wall. 532; The Lottawanna, 21 Wall. 588. Where the jurisdiction of a court of the United States has attached, a partiesto the suit, who refuses or neglects to obey its process, will be liable in damages to any partiesinjured by such neglect or refusal (Amy v. Supervisors, 11 Wall. 136), and a trustee of property to which the jurisdiction of a court of the. United States has attached will be held personally responsible if, without adequate resistance, he surrender such property to the process of a court of a staie. Chittenden v. Brewster, 2 Wall. 191.

6. When a defendant has defaulted, the Court may enter judgment against him so long as he is not an infant or incompetent person. Fed. R. Civ. P. 55. In such a case, the facts set forth in the Pro se defendant Robert Simon First and Ninth Amendment Third parties Complaint without Scienter, set aside fraudulent conveyance and for fraud upon the Constitution for the United States of America, and federal and state Legislature statues, acts, violation of corporation charter and it's by laws and conspired to evade and

overthrow lawful authority are deemed admitted. **Thomson v. Wooster**, 114 U.S. 104, 113 (1885).

7. A" Defendant's default concedes the truth of the allegations of the Complaint as to Defendant's liability." *See, e.g., Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir. 1992) "stating that upon the entry of default, a partiesconcedes all well pleaded factual allegations"; *Leisure Direct, Inc. v. Glendale Capital, LLC,* 2007 U.S. Dist. LEXIS 40212, at *4 (E.D.N.Y. 2007) "a party's default is deemed to constitute a concession of all well pleaded allegations of liability."

8. Because this action is in default, the Pro se Defendant Robert Simon has scheduled a hearing for *ex parte* proof of damages on April 11, 2008 at 10:00 a.m., or as soon thereafter as counsel may be heard. See Exhibit "D", said notice of hearing.

**WHEREFORE, Pro se Defendant Robert Simon respectfully request that the Court enter default Judgment as stated in the** First and Ninth Amendment Third parties Complaint without Scienter, set aside fraudulent conveyance and for fraud upon the Constitution for the United States of America, and federal and state Legislature statues, acts, violation of corporation charter and it's by laws and conspired to evade and overthrow lawful authority, and against First Continental Mortgage Investment Corporation, AT Mortgage Inc. DBA First Capitol home, federal Deposit Insurance corporation, The City of New York, Federal Reserve Bank, and Municipal Corporation of the State of New York, **and for such other and further relief as may be just and proper.**

**Dated: February 04, 2008**
**Queens County**

**Pro se Defendant Robert Simon**
**4 Whinston Street**
**Coram N.Y. 11727. 631-327-0813**

7

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
_____X

CHRISTIANA BANK & TRUST COMPANY,
AS TRUSTEE OF THE SEQUOIA FUNDING
TRUST,

                            Plaintiff.

                                                Docket CV-06-3206(JS)(ETB)

            -against-

Denise Dalton A/K/A Denise Richards; Robert          DECLARATION IN
Simon; Neighborhood housing services of Jamaica,      SUPPORT OF
Inc.; The Brooklyn Union Gas Company; Criminal       **NOTICE OF MOTION**
Court of the City of New York; New York State          **FOR DEFAULT**
Department of Taxation and Finance; New York             **JUDGMENT**
City Environmental Control Board; "JOHN DOE #1"
Through "JOHN DOE #10" inclusive, the names of
the ten last name Defendant Robert Simons being fictitious,
 real names intended being persons or corporations having
an interest in, or tenants or persons in possession of,
portions of the mortgaged premises described in the
Complaint,

                            Defendants.
_____X

Robert Simon

                            Defendant
                    Third parties Complaint
            -against-
First Continental Mortgage Investment Corporation,
AT Mortgage Inc. DBA First Capitol home,
United State Federal Corporation, federal Deposit
Insurance corporation, The City of New York, Federal
Reserve Bank, Municipal Corporation of the State of New
York and The United State of America
                            Defendants.
_____X

        I am Robert Simon pro-se defendant Robert Simon in the above action herein, as

such, I am fully familiar with the facts and circumstances of this proceeding based upon

personal knowledge and the contents of the files maintained by the defendant Robert Simon.

I submit this Declaration in support of defendant Robert Simon pro-se Notice of Motion for a default Judgment and to Pro se defendant Robert Simon.

1. Notice of Motion is made pursuant to Federal Rule of Civil Procedure Rule 55(2) for the entering of a default Judgment against the defendants in the third parties complaint herein, as defendants First Continental Mortgage Investment Corporation, AT Mortgage Inc. DBA First Capitol home, federal Deposit Insurance corporation, The City of New York, Federal Reserve Bank, and Municipal Corporation of the State of New York.

2. The defaulted third party defendant First Continental Mortgage Investment Corporation, AT Mortgage Inc. DBA First Capitol home, United State Federal Corporation, federal Deposit Insurance corporation, The City of New York, Federal Reserve Bank, Municipal Corporation of the State of New York and The United State of America, are not a infant or incompetent persons.

3. The defaulted third parties Defendant has Failed to Answer the First and Ninth Amendment Third parties Complaint without Scienter, set aside fraudulent conveyance and for fraud upon the Constitution for the United States of America, and federal and state Legislature statues, acts, violation of corporation charter and it's by laws and conspired to evade and overthrow lawful authority, or Otherwise Defend This Action and the Pro se defendant Robert Simon is Entitled to a Judgment By Default. "A corporation, quite as much as an individual, is held to a careful adherence to truth in their dealings with mankind." See Zabriskie –v- Cleveland, C. & C. R.R., 23 How (64 U.S.) 381, 400-

2

401. The court held that: "The obligation to do justice rests upon all persons, natural and artificial." See Marsh –v- Fulton Co., 10 Wall. (77 U.S.) 676, 684.

4. The time for the third party defendant First Continental Mortgage Investment Corporation, AT Mortgage Inc. DBA First Capitol home, United State Federal Corporation, federal Deposit Insurance corporation, The City of New York, Federal Reserve Bank, Municipal Corporation of the State of New York and The United State of America, to Answer the First and Ninth Amendment Third parties Complaint without Scienter, set aside fraudulent conveyance and for fraud upon the Constitution for the United States of America, and federal and state Legislature statues, acts, violation of corporation charter and it's by laws and conspired to evade and overthrow lawful authority, has elapsed.

5. Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure provides that a third parties defendant shall serve its answer to a third parties complaint within twenty days of service of the latter. As noted above, the First and Ninth Amendment Third parties Complaint without Scienter, set aside fraudulent conveyance and for fraud upon the Constitution for the United States of America, and federal and state Legislature statues, acts, violation of corporation charter and it's by laws and conspired to evade and overthrow lawful authority, in this case was filed on August 08, 2007, and personally served upon the defendants, by personal service, within 120 day from the time of filing the Third parties complaint. The third parties Summons, issued by the Court on September 07, 2007 and served upon the defendant together with the Complaint, notified the defendant of its obligation to file an answer with the Clerk of Court, and to serve a copy of the Answer upon the Pro se defendant Robert Simon, within twenty days from

the date of service. Twenty days, defendants First Continental Mortgage Investment Corporation, AT Mortgage Inc. DBA First Capitol home, federal Deposit Insurance corporation, The City of New York, Federal Reserve Bank, and Municipal Corporation of the State of New York had not filed an answer with the Clerk, had not served an answer upon the Pro se defendant Robert Simon, had made no entry of appearance in this matter, and had not otherwise responded to the civil action instituted against it by the Pro se defendant Robert Simon. To this date, third parties defendants First Continental Mortgage Investment Corporation, AT Mortgage Inc. DBA First Capitol home, federal Deposit Insurance corporation, The City of New York, Federal Reserve Bank, and Municipal Corporation of the State of New York has undertaken no defense in this matter.

6. The Pro se defendant Robert Simon recognizes that entry of a default judgment against a defendants is a severe remedy. See, e.g., E.F. Hutton & Co., Inc. v. Moffatt, 460 F.2d 284, 285 (5th Cir. 1972). Where, as here, however, a parties does not respond to a properly served Complaint and ignores a duly issued and properly served Summons of a Court, a default judgment, though drastic, is the appropriate and, indeed, only recourse. See In re Knight, 833 F.2d 1515, 1516 (11th Cir. 1987)(where parties offers no good reason for late filing of answer, entry of default judgment appropriate); First City Nat'l Bank of Fort Worth v. Cook, 117 F.R.D. 390 (N.D. Tex. 1987)(default judgment appropriate where partiesserved has failed to answer). The Pro se defendant Robert Simon would prefer that this case be decided upon its merits and has every confidence it would prevail at a trial. Since the third parties defendant does not appear disposed to defend this action, however, this Court has as the only avenue available to conclude this

4

matter, the entry of a default judgment against the third parties defendants First Continental Mortgage Investment Corporation, AT Mortgage Inc. DBA First Capitol home, federal Deposit Insurance corporation, The City of New York, Federal Reserve Bank, and Municipal Corporation of the State of New York. In Dow v. Johnson, 10 Otto (100 U.S.) 158, 193, the court held: "Every man is liable to be sued wrongfully or without cause, but he is, by the very genius of our laws, bound to submit to this evil and make defense."

7. Exhibit "A" is the Third parties Summons served upon the Third parties Complaint Defendants, First Continental Mortgage Investment Corporation, AT Mortgage Inc. DBA First Capitol home, federal Deposit Insurance corporation, The City of New York, Federal Reserve Bank, and Municipal Corporation of the State of New York.

8. Exhibit "B" is the First and Ninth Amendment Third parties Complaint without Scienter, set aside fraudulent conveyance and for fraud upon the Constitution for the United States of America, and federal and state Legislature statues, acts, violation of corporation charter and it's by laws and conspired to evade and overthrow lawful authority, which were served upon the Third parties Complaint Defendants, First Continental Mortgage Investment Corporation, AT Mortgage Inc. DBA First Capitol home, federal Deposit Insurance corporation, The City of New York, Federal Reserve Bank, and Municipal Corporation of the State of New York, which pro se defendant Robert Simon have sets forth a "plausibility" standard which a complaint must meet to sufficiently state a claim and plead "enough fact[s] to raise a reasonable expectation that

discovery will reveal evidence of [his claim]" See, <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955 (U.S. 2007).

9. Exhibit "C" is proof of ninth Declaration of service of the Third parties Summons and the First and Ninth Amendment Third parties Complaint without Scienter, set aside fraudulent conveyance and for fraud upon the Constitution for the United States of America, and federal and state Legislature statues, acts, violation of corporation charter and it's by laws and conspired to evade and overthrow lawful authority, upon third parties defendants First Continental Mortgage Investment Corporation, AT Mortgage Inc. DBA First Capitol home, federal Deposit Insurance corporation, The City of New York, Federal Reserve Bank, and Municipal Corporation of the State of New York. Therefore, the court must accept the facts alleged in the complaint as true, *see* <u>*Zinerman v. Burch*</u>, 494 U.S. 113, 118 (1990), and make all reasonable inferences in favor of the Pro se Defendant Robert Simon.

10. Exhibit "D" is the Complaint Defendant Pro Se Robert Simon Statement made in the declaration are based on my personal knowledge, and if called as a witness, I could testify competently to these matter and Memorandum of Law in support of Default Judgment.

11. The third parties defendants First Continental Mortgage Investment Corporation, AT Mortgage Inc. DBA First Capitol home, federal Deposit Insurance corporation, The City of New York, Federal Reserve Bank, and Municipal Corporation of the State of New York, have willfully, knowingly and unlawfully defaulted to Pro se defendant Robert Simon by ignore a properly served of third parties Summons and theFirst and Ninth Amendment Third parties Complaint without Scienter, set aside

fraudulent conveyance and for fraud upon the Constitution for the United States of America, and federal and state Legislature statues, acts, violation of corporation charter and it's by laws and conspired to evade and overthrow lawful authority. In Edward's v. Elliott, 21 Wall. 532; The Lottawanna, 21 Wall. 588. Where the jurisdiction of a court of the United States has attached, a parties to the suit, who refuses or neglects to obey its process, will be liable in damages to any parties injured by such neglect or refusal (Amy v. Supervisors, 11 Wall. 136), and a trustee of property to which the jurisdiction of a court of the. United States has attached will be held personally responsible if, without adequate resistance, he surrender such property to the process of a court of a staie. Chittenden v. Brewster, 2 Wall. 191.

12. When a defendant has defaulted, the Court may enter judgment against him so long as he is not an infant or incompetent person. Fed. R. Civ. P. 55. In such a case, the facts set forth in the Pro se defendant Robert Simon First and Ninth Amendment Third parties Complaint without Scienter, set aside fraudulent conveyance and for fraud upon the Constitution for the United States of America, and federal and state Legislature statues, acts, violation of corporation charter and it's by laws and conspired to evade and overthrow lawful authority are deemed admitted. **Thomson v. Wooster**, 114 U.S. 104, 113 (1885).

13. A" Defendant's default concedes the truth of the allegations of the Complaint as to Defendant's liability." *See, e.g., Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) "stating that upon the entry of default, a partiesconcedes all well pleaded factual allegations"; *Leisure Direct, Inc. v. Glendale*

7

*Capital, LLC*, 2007 U.S. Dist. LEXIS 40212, at *4 (E.D.N.Y. 2007) "a party's default is deemed to constitute a concession of all well pleaded allegations of liability."

14. Because this action is in default, the Pro se Defendant Robert Simon has scheduled a hearing for *ex parte* proof of damages on April 11, 2008 at 10:00 a.m., or as soon thereafter as counsel may be heard. See Exhibit "D", said notice of hearing.

15. The default the third parties defendants First Continental Mortgage Investment Corporation, AT Mortgage Inc. DBA First Capitol home, federal Deposit Insurance corporation, The City of New York, Federal Reserve Bank, and Municipal Corporation of the State of New York concedes the truth of the allegations of the Complaint as to defendants' liability. See, e.g., Sony Music Entm't Inc. v. Elias, No. CV 03-6387 DT (RCx), 2004 WL 141959, at 3 (C.D. Cal. Jan. 20, 2004); Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 62-63 (1st Cir. 2002) ("A defaulting party is taken to have conceded the truth of the factual allegations in the complaint as establishing the ground for liability as to which damages will be calculated.")(internal quotation marks and citation omitted)); Dundee Cement Co. v. Howard Pipe & Concrete Prod., Inc., 722 F.2d 1319, 1323 (7th Cir. 1983) ("Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true."); Nishimatsu Constr. Co., L.td. v. Houston Nat'l Bank, 515 F.2D 1200, 1206(5TH Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.")( citation omitted)); Trans World Airlines, Inc. v. Hughes, 449 F.2d 51, 69 (2d Cir. 1971), rev'd onother grounds, 409 U.S. 363, 93 S.Ct. 647 (1973)("a default judgment entered on well-pleaded allegations in a complaint establishes a defendant's liability").

8

16. The defaulted third parties defendants First Continental Mortgage Investment Corporation, AT Mortgage Inc. DBA First Capitol home, federal Deposit Insurance corporation, The City of New York, Federal Reserve Bank, and Municipal Corporation of the State of New York, have concedes *In violation of Brogan v. United States, 118 S.Ct. 805 (1998), in violation of 18 U.S.C. § 100; in violation of 18 U.S.C. § 1012; in violation of 18 U.S.C. § 1014; in violation of 18 U.S.C. § 1341; in violation of 18 U.S.C. § 371 and* is therefore subject to the Truth-in-Lending Act 8i (the "Act"), 15 U.S.C.A. Section 1601 to 1615, and Federal Reserve Board Regulation Z, 12 C.F.R. 226, which implements the Act.

17. The defaulted third parties defendants First Continental Mortgage Investment Corporation, AT Mortgage Inc. DBA First Capitol home, federal Deposit Insurance corporation, The City of New York, Federal Reserve Bank, and Municipal Corporation of the State of New York, have concedes in violated the disclosure requirements of the Truth-in-Lending Act and Regulation Z which implements the Act in the following and other respects:

a. By failing to provide defendant Robert Simon with a proper disclosure statement as required under the Act;

b. By failing to provide defendant Robert Simon with a notice of her right to rescission under Federal Reserve Board Regulation Z, Section 226.15 (b)

c. By failing to include in the finance charge certain charges imposed by plaintiff payable by defendant Robert Simon incident to the extension of credit as required by 15 U.S.C.A. Section 1605 and Federal Reserve Board Regulation

9

Z, Section 226..4, thus improperly disclosing the finance charge in violation of the Act;

d. By failing to include in the finance charge fees payable to certain third parties, including but not limited to $1,513.00, dollar mount of abstract company fee paid to Ram abstract, as they were not bona fide nor reasonable in amount;

e. By improperly including certain charges in the amount financed which are finance charges, plaintiff improperly disclosed the amount financed in violation of 15 U.S.C.A. Section 1638 (a)(2) and Federal Reserve Board Regulation Z, Section 226.18(b); and charged defendant Robert Simon pre paid finance charge for $10,344.51

f. By calculating the Annual Percentage Rate based upon improperly calculated and disclosed finance charges and amount financed, plaintiff understated the disclosed annual percentage rate in violation of 15 U.S.C.A. Section 1638 (a)(4) and Federal Reserve Board Regulation Z, Section 226.18(e).

    18. The defaulted third parties defendants First Continental Mortgage Investment Corporation, AT Mortgage Inc. DBA First Capitol home, federal Deposit Insurance corporation, The City of New York, Federal Reserve Bank, and Municipal Corporation of the State of New York, have concedes, knowingly, willfully, intentionally, malicious, recklessly violated it's Corporation Charter, its by Law and Committed fraud upon the constitution for the United States of America, and the State of New York Constitution, the federal and State laws, federal and State act of the legislature and federal and State

10

legislature statues, and federal and State local laws. A corporation on the other hand, is a creature of limited powers and of special capacity, and may not lawfully exercise any powers except those conferred upon it or those reasonably to be implied from the powers conferred as incidental thereto or consequential thereupon. See <u>Attorney General v. Mersey Ry. Co., L.R.</u> (1907), 1 Ch Div. 81; reversed, L.R. (1907), A.C. 415; <u>jacksonville, etc. Ry. & Navigation Co. v. Hooper</u>, 160 U.S. 514; <u>People v. Campbell</u>, 144 N.Y. 166, 38 N.E. 990. The court further held that: <u>"If the power be granted for one purpose, it is not proper, and therefore unconstitutional.</u> to exercise it for a <u>purpose either forbidden, or not within the scope of its granted powers.</u> This is a fraud <u>upon the Constitution of the United States. It does by indirect what it cannot do by direct legislation, and operates upon a subject which is put beyond its reach by</u> the Constitution <u>itself.</u> See Judge Marshall In <u>Gibbons -v- Ogden,</u> 9 Wheat. 1, 199.

19. The defaulted third parties defendants First Continental Mortgage Investment Corporation, AT Mortgage Inc. DBA First Capitol home, federal Deposit Insurance corporation, The City of New York, Federal Reserve Bank, and Municipal Corporation of the State of New York, have concedes, knowingly, willfully, intentionally, malicious, recklessly have conspired to defraud and violated minority defendant Robert Simon real property right, his statutory right and interest and Constitution interest, and benefit of his Constitutional rights, **Privileges and Immunities secured** under First amendment and the Fifth and Fourteenth Amendment, Ninth and Tenth Amendment to the Constitution for United States for America, and the Common Law, Natural Rights and Natural Laws, and his expressional interest, property interest, Liberty interest and the Pursuit of Happiness interest, and federal and states statutory rights and Civil Rights 42 U.S.C.

11

Section 1983, Section 1985, Section 1986 and Section 1988, under the color of authority from the act of the Legislature of New York State and federal.. The general doctrine set forth is that involved in the line of decisions that began with the case of <u>Coates v. Mayor,</u> <u>&c. of New York,</u> 7 Cowen, 585 and culminated in the case of <u>Butchers' Union Co. v.</u> <u>Crescent City Co.,</u> 111 U.S. 746 and stated that "Every contract, thereof, between a State and a corporation, created by the grant of its charter to the latter by the former, is made upon the implied condition that the State reserves to itself the power to legislate for the public health and morals; and for the purpose of guarding the public health or protecting the public morals, the State can enact any laws in regard to the corporation, which would be constitutional if applied to an individual, in spite of the fact that the charter of the corporation is a contract, and that the Constitution for the United States forbids any State to pass a law impairing the obligations of contracts." "It is said that since the element of personality is an extraordinary privilege conferred upon the corporation by the law, and involves the employment of a fiction, it follows that "it must be used for legitimate business purposes and must not be perverted" and, just as night follows day, so the courts should and will disregard this fiction "when it is urged for an intent or purpose not within its reason and policy." See <u>Calif. Law Rew.</u> 235; 36 <u>Yale Law Journal,</u> 254-260 (Dec., 1906), approving <u>Bressman, Inc v. Mosson,</u> 127 Misc. Rep. 282, 215 N.Y. Supp. 766; <u>State Trust & Savings Bank v. Hermosa Land & Cattle Co.,</u> 240 Pac. (N.Mex.) 469.

20. The defaulted third parties defendants First Continental Mortgage Investment Corporation, AT Mortgage Inc. DBA First Capitol home, federal Deposit Insurance corporation, The City of New York, Federal Reserve Bank, and Municipal Corporation of the State of New York, have concedes, knowingly, willfully, intentionally, malicious,

recklessly did conspired, defraud and violated minority Plaintiff Robert Simon real property, his statutory interest and Constitution interest, and benefit of his Constitutional rights, **Privileges and Immunities secured** under First amendment and the Fifth and Fourteenth Amendment, Ninth and Tenth Amendment to the Constitution for United States for America, and the Common Law, Natural Rights and Natural Laws, and his expressional interest, property interest, Liberty interest and the Pursuit of Happiness interest, and federal and states statutory rights and Civil Rights 42 U.S.C. Section 1983, Section 1985, Section 1986 and Section 1988, under the color of authority from the act of the Legislature of New York State and federal. **IN THE MATTER OF ROBERTS REAL ESTATE, INC., ET AL., RESPONDENTS, v. NEW YORK STATE DEPARTMENT OF STATE, DIVISION OF LICENSING SERVICES, APPELLANT. 80 N.Y.2d 116, 603 N.E.2d 242, 589 N.Y.S.2d 392 (1992). October 20, 1992, the court held: "actual knowledge" with common law agency principles. By that importation, a corporate broker, a legally fictive entity, would be chargeable with the knowledge possessed by all employees and agents, up and down the ladder of responsibility, so long as they were acting within the scope of their duties see, *Karaduman v Newsday, Inc.* , 51 NY2d 531, 546- 548, rearg denied 52 NY2d 899; see also, *Corrigan v Bobbs-Merrill Co.* , 228 NY 58, 69; *Yager Pontiac, Inc. v Fred A. Danker & Sons, Inc.* , 41 AD2d 366, 368 affd 34 NY2d 707.**

21. The defaulted third parties defendants First Continental Mortgage Investment Corporation, AT Mortgage Inc. DBA First Capitol home, federal Deposit Insurance corporation, The City of New York, Federal Reserve Bank, and Municipal Corporation of the State of New York, have concedes, The fraudulent mortgage and promissory note was

issued outside the scope of third party defendant First Continental Mortgage Investment Corporation, Corporation charter and by laws, and also outside the scope of the constitution for the United States of America, and the State of New York Constitution, the federal and State laws, federal and State act of the legislature and federal and State legislature statues, and federal and State local laws. It is stated by the court that: "Every corporation necessarily carries its charter wherever it goes, for that is the law of its existence." See Reffe –v- Rundle, 13 Otto (103 U.S.) 222, 226. In Marbury –v- Madison, 1 Cranch 137, 163 (1803), a Landmark Case Chief Justice Marshall said: "The very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws whenever he receives an injury. One of the first duties of government is to afford that protection". Judicial notice of law, legislative facts, or factual matters is proper where there is no dispute as to the authenticity of those matters. See Oneida Indian Nation of New York v. New York, 691 F.2d 1070, 1086 (2nd Cir. 1982); see also Zimomra v. Alamo Rent-A-Car, Inc., 111 F.3d 1495, 1503 (10th Cir. 1997).

22. In Ortiz-Gonzalez, 277 F. 3d at 63-64 (no hearing necessary, even where greater than minimum amount of statutory damages awarded); D.C. Comics Inc., 912 F.2d at 34, 37 (no hearing held where greater than minimum amount of statutory damages awarded); Morley Music Co., 725 F.2d at 2 (no hearing held, even where greater than mimimum statutory damages awarded); see also O'Brien v. R.J. O'Brien & Assoc., Inc., 998 F.2d 1394, 1405 (7th Cir. 1993) (affirming default judgment for amount of damages sought in Complaint where court did not hold hearing on damages); Fustock v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989) ("While it is true . . . that

14

the damages in this case were neither liquidated nor capable of mathematical calculation , it was not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment."); HMG Prop Investors, Inc. v. Parque Indus. Rio Canas. Inc., 847 F.2d 908, 919 (1st Cir. 1988)("It is settled that, if arriving at the judgment amount involves nothing more than arithmetic-the making of computations which may be figured from the record –a default judgment can be entered without a hearing of any kind."); Davis v. Fendler, 650 F.2d 1154, 1161-62 (9th Cir. 1981) (affirming default judgment entered without evidentiary hearing where damages sought were a definite sum).

23. Ground for this motion is that the defaulted third parties defendants First Continental Mortgage Investment Corporation, AT Mortgage Inc. DBA First Capitol home, federal Deposit Insurance corporation, The City of New York, Federal Reserve Bank, and Municipal Corporation of the State of New York, have refused to obeyed the Law, State and Federal statutory Law and the U.S. Constitution and the State of New York Constitution. **No man in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity. All the officers of the government, from the highest to the lowest, are creatures of the law and are bound to obey it." U.S. v. Lee, 106 U.S. 196, 220 (1882).** The court held that: "Citizens are the members of the political community to which they belong. They are the people who compose the community, and who, in their associated capacity, have established or submitted themselves to the dominion of a government for the promotion of their general welfare and the protection of their individual as well as their collective rights." See Minor v. Happersett, 21 Wall (U.S.) 162; United States v. Cruikshank, 92 U.S. 542, 549.

15

24. Also, the court stayed: "It is the general rule that a corporation is not a citizen within the meaning of the constitutional provision that the citizens of each state shall be entitled to all the privileges and immunities of citizens in the several states." See Bank of U.S. v. Deveaux, 5 Cranch (U.S.) 61; Bank of Augusta v. Earle, 13 Pet. (U.S.) 519; Paul v. Virginis, 8 Wall. (U.S.) 168; Blake v. McClung, 172 U.S. 239, 259; J.D. L. Corp. v. Bruckman, 171 Misc. 3, 11 N.Y. Supp. (2d) 741. Then again, the court stated that: "Likewise a corporation is not a citizen within the meaning of the Fourteenth Amendment of the Constitution of the United States, forbidding a state to make or enforce a law which shall abridge the privileges or immunities of citizens of the United States." See Orient Ins. Co. v. Daggs, 172 U.S. 557; Waters-Pierce Oil Co. v. Texas, 177 U.S. 28; Western Turf Asso. V. Greenberg, 204 U.S. 359; Anglo-American Prov. Co. v. Davis Prov. Co., 169 N.Y. 506, aff'd. 191 U.S. 373. It is stated by the court that: "On the other hand it is now well settled that a corporation created by a state is a citizen of the state within the meaning of those provisions of the United States Constitution and the statutes of the United States, which define the jurisdiction of the federal courts." See Bank of U.S. v. Deveaux, 5 Cranch (U.S.) 61; Louisville C. & C. R. Co. v. Letson, 2 How. (U.S.) 497; Marshall v. Baltimore & O. R. Co., 16 How. (U.S.) 314; National Steamship Co. v. Tugman, 106 U.S. 118; State of Wisconsin v. Pelican Ins. Co., 127 U.S. 265; St. Louis & S.F.R. Co., v. James, 161 U.S. 545.

25. Article VI of the Constitution of the United States provides that the Constitution is the supreme Law of the Land and the Judges in every state shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." The justices of this Court are bound by solemn oath to the law,

whether they agree or disagree with it, because: "All of the officers of the government, from the highest to the lowest are creatures of the law, and are bound to obey it." <u>United States v. Lee</u> 106 U.S. 196, 220 (1882). See <u>U.S. -v- Dunnington</u>, 146 U.S. 351.

`26.  "**Constitutional mandates are imperative.**" See <u>**Fairbank v. United States,**</u> **181 U.S. 283, 291**.

No previous application for the relief sought under docket #07-3716-cv, have been made.

Pursuant to 28 USCS 1746(1), I declare under the penalty of perjury under the laws of the united States of America that the foregoing is correct.

WHEREFORE, defendant Robert Simon respectfully requests that this Court **enter default Judgment**:

1.  Dismiss the Foreclosure complaint in its entirety;

2.  Grant defendant's Robert Simon the principal sum of Ten Million Dollars in Gold pursuant to Article 1 Section 10, Clause 1, on each The defaulted third parties defendants First Continental Mortgage Investment Corporation, AT Mortgage Inc. DBA First Capitol home, federal Deposit Insurance corporation, The City of New York, Federal Reserve Bank, and Municipal Corporation of the State of New York, for such other and different relief as this Court deems just and proper.

Dated: February 04, 2008
Queens County

Pro se Defendant Robert Simon
4 Whinston Street
oram N.Y. 11727. 631-327-0813

## CERTIFICATE OF SERVICE

I Defendant Robert Simon hereby certify under the penalty of perjury that on February 04, 2008, I have served the MEMORANDUM OF LAW, NOTICE OF MOTION FOR DEFAULT JUDGMENT WITH DECLARATION IN SUPPORT, DECLARATION of STATEMENT, **NOTICE OF HEARING** ON THE THIRD

PARITIES COMPLAINT DEFENDANTS, to the name herein below; by causing same to be placed in the United States mail, postage prepaid, and addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

First Continental Mortgage Investment Corporation, Attorney Edward R. Finkelstein 1350 Broadway New York New York 10018, 11th Floor

Neighborhood Housing Services Kent B. Dolan Lifflander Reich LLP 1221 Avenue of Americas 26th Floor New York, NY 10020-1089

AT Mortgage Inc. DBA First Capitol home Richard F. Harrison Thelen Reid Brown Raysman & Steiner LLP 900 Third Avenue New York, NY 10022

CHRISTIANA BANK & TRUST COMPANY, AS TRUSTEE OF THE SEQUOIA FUNDING TRUST, Knuckles & Komosinski 220 White Plains Road 6th Floor Tarrytown, NY 10591

Thomas M. Clark Federal Deposit Insurance Corporation New York Legal Services Office Room 6066 20 Exchange Place New York, NY 10005

Michelle H. Kalstein Federal Reserve Bank of New York 33 Liberty Street 7th Floor New York, NY 10045

Municipal Corporation of the State of New York Alan W. Gitter NYS Department of Law 300 Motor Parkway-suite 125 Hauppauge, NY 11788

Corporation counsel of The City of New York100 Church Street New York, N.Y. 10007

U.S. Attorney General for United State Federal Corporation, at United States District Court 610 Federal Plaza Central Islip N.Y. 11722

The Property known as156-10 134th Avenue, Jamaica, N.Y. 11434,

U.S. Attorney General for **United State** America **at** United States District Court 610 Federal Plaza Central Islip N.Y. 11722

Denise Dalton, 156-10 134th Avenue, Jamaica, N.Y. 11434

Dated February 04, 2008,
County of Queens

Defendant-Robert Simon Pro se
4 Whinston Street Coram, N.Y.
11727
1-631-327-0813

18

Exhibit "A"

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Eastern District     District of    NEW York. Central Islip

Robert Simon

     Plaintiff

*Third Party Summons*

## SUMMONS IN A CIVIL ACTION

V.

First Continental Mortgage Investment Corporation, AT Mortgage Inc. DBA First Capitol home, United State federal Corporation, federal Deposit Insurance corporation, The city of New York, federal Reserve Bank, Municipal corporation of the State of New York and The united state of America

     *Third Party Defendants*

CASE NUMBER: CV-86-3206 (JS)(ETB)
Third Party Complaint
First and Ninth Amendment answer
to the complaint without scienter and
with A Ninth Amendment counter claim
- Without Scienter

TO: (Name and address of Defendant)

Federal Reserve Bank of NY. 33 liberty street 7th floor N.Y. N.Y. 10045. Federal Deposit Insurance corporation. 20 exchange place New york. N.Y. 10005.

First Continental Mortgage Investment corporation 470 Park Ave So. N.Y. N.Y. 10016.
AT Mortgage DOA First Capitol Home 900 Third Ave. N.Y. N.Y. 10022.
SN Servicing corporation 220 white Plains Road 6th floor Tarrytown NY. 10591.
United State federal corporation united state district court 100 federal Plaza Central Islip NY. 11722
United state of america 950 Pennsilvania ave N.W. City washington D.C state zipcode 20530-0001
The city of NY. Corporate counsel 100 church street N.Y. 10007.
Municipal corporation of the state of New York NYS Department of law 300 motor parkway suite 125 Hauppauge N.
State of NY. 300 motor parkway suite 125 Hauppauge N.Y. 11788

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Robert Simon 4 whinston street coram N.Y. 11727

an answer to the complaint which is served on you with this summons, within 20 days or / 60 - days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

**ROBERT C. HEINEMANN**

CLERK

A. Carene

(By) DEPUTY CLERK

RECEIVED BY
U.S. ATTORNEY'S OFFICE
SEP 7 2007

RECEIVED BY
U.S. ATTORNEY'S OFFICE
OCT 16 2007
E.D.N.Y.
CENTRAL ISLIP, NY

OCT 16 2007
E.D.N.Y.
CENTRAL ISLIP, NY

DATE

Exhibit "B"

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

CLERK
US DISTRICT COURT
EDNY
LI COURTHOUSE

————————————————————————X

CHRISTIANA BANK & TRUST COMPANY,
AS TRUSTEE OF THE SEQUOIA FUNDING
TRUST,

                         Plaintiff.

        -against-

Denise Dalton A/K/A Denise Richards; Robert
Simon; Neighborhood housing services of Jamaica,
Inc.; The Brooklyn Union Gas Company; Criminal
Court of the City of New York; New York State
Department of Taxation and Finance; New York
City Environmental Control Board; "JOHN DOE #1"
Through "JOHN DOE #10" inclusive, the names of
the ten last name Defendants being fictitious, real
names intended being persons or corporations having
an interest in, or tenants or persons in possession of,
portions of the mortgaged premises described in the
Complaint,

                   Defendants.

————————————————————————X

Robert Simon

              Defendant
         Counter Claim/Cross Claim
          -against-
First Continental Mortgage Investment Corporation,
AT Mortgage Inc. DBA First Capitol home,
United State Federal Corporation, federal Deposit
Insurance corporation, The City of New York, Federal
Reserve Bank, Municipal Corporation of the State of New
York and The United State of America
             Defendants.

————————————————————————X

Docket CV-06-3206-(JS)(ETB)

FIRST AND NINTH
AMENDMENT
ANSWER TO THE
COMPLAINT
WITHOUT SCIENTER, AND
WITH A NINTH
AMENDMENT COUNTER
CLAIM WITHOUT
SCIENTER

COMMON LAW
JURY TRIAL OF TWELVE
DEMAND

RECEIVED BY
U.S. ATTORNEY'S OFFICE
OCT 1 6 2007
E.D.N.Y.
CENTRAL ISLIP, NY

PLEASE TAKE FURTHER NOTICE that as a privity with the realty property at issue
herein, *Litchfield v. Crane*, 123U.S. 549, 551, 8 S. Ct. 210, 211, 31 L. Eenton (1887);

RECEIVED BY
U.S. ATTORNEY'S OFFICE
OCT 1 6 2007
E.D.N.Y.
CENTRAL ISLIP, NY

1

Gramatan Home Investors Corp. v. Lopez, 46 N.Y.2d 481, 414 N.Y.S.2d 308, 312, 386

N.E.2d 1328 (Ct.App.1979 ), defendant Robert Simon pro se, hereby interposes the

following answer to the Complaint herein, without scienter, and a Counter claim/Cross

claim against the defendants First Continental Mortgage Investment Corporation, AT

Mortgage Inc. DBA First Capitol home, United State Federal Corporation, federal

Deposit Insurance corporation, The City of New York, Federal Reserve Bank, Municipal

Corporation of the State of New York and The United State of America, respectfully

alleges as follows: In **Montana -v- United** States, 440 U.S.154, the court held: "A

Strangers to the cause . . . . [O]ne who prosecutes or defends a suit in the name of another

to establish and protect his own right, or who assists in the prosecution or defense of an

action in aid of some interest of his own . . . is as much bound . . . as he would be if he

had been a party to the record". Also see Matter of Slattery v-BD. OF EST. Appor, 271

N.Y. 351, 352; Flynn -v- Colonial Discount Co., 259 N.Y.S. 399; Remington Rand Corp.

-v- Amsterdam-Rotterdam Bank, N.V., 68 F.3d 1485-1486 (2nd Cir. 1995) ; Baker -v-

Latham Sparrowbush Associates, 72 F.3d 253 (2nd Cir. 1995) ; Central Hudson Gas &

Elec. -v- Empresa Naviera, 56 F.3d 359 (2nd Cir. 1995); U.S. -v- Davis, 906 F.2d 833

(2nd Cir. 1990); Berman -v-Turecki, 885 F.Supp. 533 (S.D.N.Y. 1995); Algie -v- RCA

Global Communications,Inc.,891 F.Supp. 853 (S.D.N.Y1994); and FED. R. CIV. P.

13(a), stating that counterclaims are compulsory if they "arise[] out of the [same]

transaction or occurrence" as the plaintiff's claim); FED. R. CIV. P. 15(c)(2), stating that

amendments relate back to an original pleading whenever the amended pleading "arose

out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the

original pleading"; FED. R. CIV. P. 20(a), permitting joinder of claims against different

2

parties if they arise "out of the same transaction, occurrence, series of transactions or occurrences"; <u>Owen Equip. & Erection Co. v. Kroger</u>, 437 U.S. 365, 371 n.10 (1978), assuming that ancillary jurisdiction attaches to claims that arise out of a "common nucleus of operative fact"; <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 725 (1966), holding that pendent jurisdiction attaches to claims that "derive from a common nucleus of operative fact".

### ANCILLARY OR SUPPLEMENTAL JURISDICTION

The Department of Justice and the U. S. District Courts also have Supplemental Jurisdiction over all other claims that are so related to the claims in the action that they form a part of the same case or controversy under Article III of the U. S. Constitution. <u>Cyclopedia of Federal Procedures</u>, Third Edition, 1993 Cumulative Supplement, §2.417.50, page 15; 28 U.S.C. §1367(a); <u>Fitzhenry v. Erie Ry. Co.</u>, 7 F. Supp. 880.

(a). With some exceptions, in any civil action of which the District Courts have original jurisdiction, the District Courts also have supplemental jurisdiction over all other claims that are so related to claims in the action that they form part of the same case or controversy under Article III of the Constitution. . . <u>Cyclopedia of Federal Procedures</u>, Third Edition, 1993 Cumulative Supplement, §2.417-50, page 15; 28 U.S.C. §1367(a). The Honorable U. S. Department of Justice has the authority to investigate all matters and the Honorable Court has original jurisdiction and venue, to decide the matters which arose out of the conspiracy to defraud,. their Constitutionally guaranteed Due Process and Equal Protection Rights of Notice and Opportunity To Be Heard and also because it has original jurisdiction over matters concerning violation of §1985 of Title 42. Allegations were made in the Plaintiff Complaint of such violations even though this Title may not have been cited in the jurisdiction paragraph. If same is needed, amendments can be made.

(b). Moreover, It has been well established that "[t]he ancillary jurisdiction of federal courts over actions incident to a receivership established by a federal court has long been

3

recognized. So long as an action commenced by a court appointed receiver seeks 'to accomplish the ends sought and directed by the suit in which the appointment was made, such action or suit is regarded as ancillary so far as the jurisdiction of the . . . court of the United States is concerned." ***American Freedom Train Foundation v. Spurney***, 747 F.2d 1069, 1073 (1st Cir. 1984) *citing **Pope v. Louisville, New Albany & Chicago Ry. Co.**, 173 U.S. 573, 577 (1899); **Tcherepnin v. Franz**, 485 F. 2d 1251 (7th Cir. 1973). In such situations, the initial suit which results in the appointment of the receiver is the primary action and any suit which the receiver thereafter brings in the appointment court in order to execute his duties is ancillary to the main suit. ***Haile v. Henderson National Bank, 657 F.2d 816, 822 (6th Cir. 1981). See also SEC v. Bilzerian, 378 F.3d at 1100, 1107 (D.C. Cir. 2004); U.S. Small Business Administration v. Integrated Environmental Solutions, 2006 WL 2336446 (S.D.Tex. 2006), *2; Cristel, 2006 WL 316981, *4.***

(c). Since a federal district court has subject matter jurisdiction in ancillary actions brought in the court where the receiver is appointed, it follows that an independent jurisdictional ground is not necessary for an ancillary action by a federal receiver so that the lack of diversity of citizenship or of a federal question does not prevent a federal court from exercising jurisdiction in an ancillary proceeding. ***United States v. Franklin National Bank***, 512 F.2d 245, 249 (2nd Cir. 1975); ***Integrated***, 2006 WL 2336446 *2; *Cristel*,2006 WL 316981 *4. "It is a general rule that, when the jurisdiction of a federal district court once has attached, it will not be ousted by a subsequent change in the conditions. **Kirby v. American Soda Fountain Co.**, 194 U.S. 141 (1904); **Kanouse v. Martin**, 56 U.S. 198 (1853); **Coffin v. Phila., W. & B. R. Co.**, 118 Fed. 688 (C.C. S.D. N.Y. (1902).

(d). Ancillary jurisdiction became supplemental jurisdiction on December 1, 1990. **See §310(a) of the Judicial Improvement Acts of 1990, 104 Stat. 5089, 28 U.S.C. §1367(a), (b), (c),(d) and (e); Unique Concepts, Inc. v. Manuel**, 930 F.2d 573, 574 (7th Cir. 1991). As a result, for suits filed after December 1, 1990, federal jurisdiction based on the ancillary jurisdiction of the federal courts is now part of the federal courts' statutory "supplemental" jurisdiction. **Scholes v. Lehmann**, *56 F.3d 750, 753 (7th Cir. 1995). Generally, 28 U.S.C.A. §1367(a)* provides that, except as expressly provided by a

4

Federal Statute, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Exceptions to the general rule found in §1367(a) are found in subsection (b) and (c) of §1367.

(e). Section 1367(c) provides that the federal district court may decline to exercise supplemental jurisdiction over a *state* claim if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. §1367(c). However, to decline such jurisdiction, the federal court must have a compelling reason. **Nemey v. Valente & Sons Repair Shop**, 66 F.3d 25, 30 (2d Cir 1995); Murphy, A Federal Praditioner's Guide to supplemental Jurisdiction under 28 U.S.C. Section 1367, **78 Marq. L. Rev. 973, 1023** (1995)(reference in subsection ( c)(4)  to "other compelling reasons" means "that all declinations of supplemental Jurisdiction must be  based on a compelling reason).

(f). It has been held that, when jurisdiction is ancillary, venue is also ancillary. Footnote 6 of the Sixth Circuit's decision in **Haile v. Henderson Nat. Bank**, 657 F.2d 816, 822 n. 6 (6th Cir. 1981), cert. denied 455 U.S. 949; the court states "[w]e ascribe to the view, under the facts and circumstances of this case, that where jurisdiction is ancillary, the post-jurisdictional consideration of venue is ancillary as well." 28 U.S.C. §1391(b).

(g). "The purpose of the doctrine of *forum non conveniens* as stated is to avoid litigation in a seriously inconvenient forum, rather than to ensure litigation in the most convenient forum." In **Casad & Richman, Jurisdiction in Civil Actions**, p. 34 (1998 ed.). In the leading case of **_Gulf Oil Corporation v. Gilbert_**, 330 U.S. 501 (1947), the United States Supreme Court stated: "The principal of forum non conveniens is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute. These statutes are drawn with a necessary generality and usually give a plaintiff a choice of courts, so that he may be quite sure of some place in which to

pursue his remedy. But the open door may admit those who seek not simply justice but perhaps justice blended with some harassment. A plaintiff sometimes is under temptation to resort to a strategy of forcing the trial at a most inconvenient place for an adversary, even at some inconvenience to himself . . . . If the combination and weight of factors requisite to given results are difficult to forecast or state, those to be considered are not difficult to name. An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as the enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, "vex," "harass," or "oppress" the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy." **But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.** *Gulf Oil*, 330 U.S. at 507-508 (emphasis added). **In any analysis of a** *forum non conveniens* **motion, "the ultimate inquiry is where trial will best serve the convenience of the parties and the** ends of justice. *Koster v. American Lumberman's Mut. Cas. Co.*, 330 U.S. 518, 527. A court having acquired jurisdiction of a person or property cannot be deprived of it, and no other court has the right to interfere with such custody or possession. Ableman v. Booth, 21 How. 506, 16 L. ed. 176; In re Johnson, 167 U. S.120-125, 42 L. ed.1O3;** See Northern Pipeline Construction Co. v. Marathon Pipe Line Co. (1984) 458 U.S. 5, 73 L. Ed. 2d 598; American Insurance Co. v. 356 Bales of Cotton (1828) 26 U.S. (1 Pet.) 511, 7 L. Ed. 242; Kountz v. Hotel Company, 107 U. S. 378-391,27 L. ed. 615, Oct. T., 1882; Noonan v. Lee, 67 U. S. 499,17 L. ed. 279); as explained in Orchard v. Hughes, 1 Wall. 73, 17 L. ed. 561; When a complainant has in good faith obtained process or done all that is necessary to obtain process to bring a defendant before the court his suit is begun as to that defendant within the meaning of sec. 8 of the Act of Mar. 3, 1875 (sec. 738, Rev. Stats. U. S. Compo Stats. 1901, p. 587). Bisbee v. Evans, 17 Fed. R. 474; Mahr V. Union

6

Pacific R. Co., 140 Fed. R. 921, 923-925; York County Savings Bank v. Abbott, 139 Fed. R. 988-990; Hovey v. Elliott, 167 U. S. 409-444, 42 L. ed. 212; Merchants, etc., Co. v. Clow, 204 U. S. 286-289, 51 L. ed. 489; So. Pacific v. Disston, 146 U. S. 202, 36 L. ed. 943; Harkness v. Hyde, 98 U. S. 476-479, 25 L. ed. 237; Gregory v. Stetson, 133 *U. S.* 579-587, 33 L. ed. 794; Harding v. Handy, 11 *Who* 133, 6 L. ed. 429; Barney *v.* Baltimore, 6 *Wall.* 280-284, followed in Bank v. Smith, 6 *Fed. R.* 215, and Dormitzer *v.* Ill., etc., Co., *Ib.* 217; Jenkins v. Eldredge, 3 *Stury,* 299; *Fed. Cases,* 7,267; Tucker *v.* Carpenter, *Hempst.* 440; *Fed. Cases,* 14,217; Nashville C. St. L. R. Co. *v.* McConnell, 82 *Fed. R.* 65-76; Fremont *v.* Merced Mining Co., 1 *McAll.* 267; *Fed. Cases,* 5,095; Decided under the Act of Congress of Mar. 2, 1793, on the authority of 4 *Dallas,* 1; Maury *v.* Indianapolis & C. R. Co., 4 *Biss.* 78; *Fed. Cases,* 9,891; Wilson *v.* Stolley, 4 *McLean,* 272; *Fed. Cases,* 17,839; Dial v. Reynolds, 96 *U. S.* 340-341, 24 L. ed. 644; It is expressly forbidden by law. Act of Mar. 2, 1793, sec. 5, 1 *Stat. L.* 334; *Rev. Stats.,* sec. 720 *(U. S. Compo Stats.* 1901, p. 581, sec. 265, Judicial Code). Haines V. Carpenter, 91 *U. S.* 254-257,23 L. ed. 345; Sec. 720, *Rev. Stats. (U. S. Compo Stats.* 1901, p. 581, sec. 5, Act 1793, sec. 265, Judicial Code) has application only to such proceedings in the State court as have been commenced before the Federal jurisdiction attaches. Fisk V. Union Pac. R. Co., 10 *Blatchf.* 518; *Fed. Cases,* 4,830; Louisiana L. L. Co. V. Fitzpatrick, 3 *Woods,* 222; *Fed. Cases,* 8,541.

1. Defendant Robert Simon denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraphs 1, 2 and 3, of the Complaint.

2. Defendant Robert Simon denies each and every allegation contained in paragraphs 4, 5 and 6, of the Complaint and affirmatively alleges that each of the documents and instruments specified therein is invalid and unenforceable for the reasons hereafter alleged.

3. Defendant Robert Simon denies each and every allegation contained in paragraph 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21 and 22, of the Complaint

7

and affirmatively alleges that each of the documents and instruments specified therein is invalid and unenforceable for the reasons hereafter alleged, except to the extent that Schedule fully describes defendant's residence at 156-10 134th Avenue, Jamaica, N.Y. 11434,

AS AND FOR A FIRST AFFIRMATIVE DEFENSE, AND FIRST COUNTERCLAIM, DEFENDANT ALLEGES:

4. Defendant Robert Simon reasserts and re alleges paragraphs 1 through 3 as though fully set forth herein.

5. Upon information and belief, cross claim defendant first continental mortgage investment corporation and AT Mortgage Inc. DBA First Capitol home regularly engages in the making of mortgage loans, with the assistant of United State Federal Corporation, federal Deposit Insurance corporation, The City of New York, Federal Reserve Bank, Municipal Corporation of the State of New York and The United State of America and *In violation of Brogan v. United States, 118 S.Ct. 805 (1998), in violation of 18 U.S.C. § 100; in violation of 18 U.S.C. § 1012; in violation of 18 U.S.C. § 1014; in violation of 18 U.S.C. § 1341; in violation of 18 U.S.C. § 371 and* is therefore subject to the Truth-in-Lending Act 8i (the "Act"), 15 U.S.C.A. Section 1601 to 1615, and Federal Reserve Board Regulation Z, 12 C.F.R. 226, which implements the Act.

6. Upon information and belief, in the course of the consumer credit transaction between cross claim defendant First Continental Mortgage Investment Corporation, AT Mortgage Inc. DBA First Capitol home, United State Federal Corporation, federal Deposit Insurance corporation, The City of New York, Federal Reserve Bank, Municipal Corporation of the State of New York and The United State of America, and violated

8

the disclosure requirements of the Truth-in-Lending Act and Regulation Z which implements the Act in the following and other respects:

a. By failing to provide defendant Robert Simon with a proper disclosure statement as required under the Act;

b. By failing to provide defendant Robert Simon with a notice of her right to rescission under Federal Reserve Board Regulation Z, Section 226.15 (b)

c. By failing to include in the finance charge certain charges imposed by plaintiff payable by defendant Robert Simon incident to the extension of credit as required by 15 U.S.C.A. Section 1605 and Federal Reserve Board Regulation Z, Section 226..4, thus improperly disclosing the finance charge in violation of the Act;

d. By failing to include in the finance charge fees payable to certain third parties, including but not limited to $1,513.00, dollar mount of abstract company fee paid to Ram abstract, as they were not bona fide nor reasonable in amount;

e. By improperly including certain charges in the amount financed which are finance charges, plaintiff improperly disclosed the amount financed in violation of 15 U.S.C.A. Section 1638 (a)(2) and Federal Reserve Board Regulation Z, Section 226.18(b); and charged defendant Robert Simon pre paid finance charge for $10,344.51

f. By calculating the Annual Percentage Rate based upon improperly calculated and disclosed finance charges and amount financed, plaintiff understated the disclosed annual percentage rate in violation of 15 U.S.C.A.

9

Section 1638 (a)(4) and Federal Reserve Board Regulation Z, Section 226.18(e).

7. Because of the charter violations of defendants first continental mortgage investment corporation, AT Mortgage Inc. DBA First Capitol home, United State Federal Corporation, federal Deposit Insurance corporation, The City of New York, Federal Reserve Bank, Municipal Corporation of the State of New York and The United State of America, the Constitution for the United States of America and the new York State Constitution and federal statute and criminal Law *of Brogan v. United States, 118 S. Ct. 805 (1998), 18 U.S.C. § 100; 18 U.S.C. § 1012; 18 U.S.C. § 1014; 18 U.S.C. § 1341; 18 U.S.C. § 371and* Act and Regulation Z, defendant Robert Simon has a statutory right to rescind the alleged mortgage which is the subject pursuant to 15 U.S.C.A. Section 1635.

8. As a result of the aforesaid Charter violations of the defendants first continental mortgage investment corporation, AT Mortgage Inc. DBA First Capitol home, United State Federal Corporation, federal Deposit Insurance corporation, The City of New York, Federal Reserve Bank, Municipal Corporation of the State of New York and The United State of America, the Constitution for the United States of America and the new York State Constitution and federal statute and criminal Law *of Brogan v. United States, 118 S. Ct. 805 (1998), 18 U.S.C. § 100; 18 U.S.C. § 1012; 18 U.S.C. § 1014; 18 U.S.C. § 1341; 18 U.S.C. § 371 and* Act and Regulation Z, defendant first continental mortgage investment corporation, AT Mortgage Inc. DBA First Capitol home, United State Federal Corporation, federal Deposit Insurance corporation, The City of New York, Federal Reserve Bank, Municipal Corporation of the

10

State of New York and The United State of America is liable to defendant Robert Simon for:

a. Actual damages in an amount to be determined at trail;

b. Twice the finance charge in connection with the transaction,

c. Costs, disbursements and legal fees, including attorneys' fees; and

d. Rescission.

## AS ANDFOR A SECOND AFFIRMATIE DEFENSE, AND SECOND COUNTERCLAIM, DEFENDANT ALLEGES:

9. Defendant Robert Simon reasserts and re alleges paragraphs 1 through 8 as though fully set forth herein.

10. The consumer credit transaction between defendant Robert Simon and defendant first continental mortgage investment corporation, AT Mortgage Inc. DBA First Capitol home, United State Federal Corporation, federal Deposit Insurance corporation, The City of New York, Federal Reserve Bank, Municipal Corporation of the State of New York and The United State of America, was secured by defendant's Robert Simon Property at issue herein.

11. Upon information and belief, this transaction is subject to the requirements of Regulation Z, Section 226.32 because, inter alia, the total points and fees payable by defendant Robert Simon exceeded eight percent of the total loan amount.

12. Upon information and belief, defendant first continental mortgage investment corporation, AT Mortgage Inc. DBA First Capitol home, United

State Federal Corporation, federal Deposit Insurance corporation, The City of New York, Federal Reserve Bank, Municipal Corporation of the State of New York and The United State of America violated its corporation Charter, the Constitution for the United States of America and the new York State Constitution and federal statute and criminal Law *of Brogan v. United States, 118 S. Ct. 805 (1998), 18 U.S.C. § 100; 18 U.S.C. § 1012; 18 U.S.C. § 1014; 18 U.S.C. § 1341; 18 U.S.C. § 371 and* Regulation Z, Section 226.32 by, inter                                                                                                      alia:

a. Failing    to    provide    proper    Disclosures    and    Notices    as    required    by Regulation Z, Section 226.32; and

b. Engaging in a practice of extending credit to defendant Robert Simon based on collateral when defendant Robert Simon would be unable to make the scheduled payments to repay the obligation.

13. Because    of    the    Charter    violations    of    defendants    first    continental mortgage investment corporation mortgage, AT Mortgage Inc. DBA First Capitol home, United State Federal Corporation, federal Deposit Insurance corporation, The City of New York, Federal Reserve Bank, Municipal Corporation of the State of New York and The United State of America, the Constitution for the United States of America and the new York State Constitution and federal statute and criminal Law *of Brogan v. United States, 118 S. Ct. 805 (1998), 18 U.S.C. § 100; 18 U.S.C. § 1012; 18 U.S.C. § 1014; 18 U.S.C. § 1341; 18 U.S.C. § 371,* the Act and Regulation Z, defendant Robert Simon has a statutory right to rescind the alleged mortgage which is the subject of this proceeding, which right to rescind pursuant to 15 U.S.C.A. Section 1635.

14. As a result of the aforesaid violations of the Act and Regulation Z, defendant first continental mortgage investment corporation, AT Mortgage Inc. DBA First Capitol home, United State Federal Corporation, federal Deposit Insurance corporation, The City of New York, Federal Reserve Bank, Municipal Corporation of the State of New York and The United State of America is liable to defendant Robert Simon for:

a. Actual damages in an amount to be determined at trial;

b. Twice the finance charge in connection with the transaction,

c. Costs, disbursements and legal fees, including attorneys' fees; and

d. Rescission.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE, AND THIRD

COUNTERCLAIM, DEFENDANT ALLGES:

15. Defendant Robert Simon reasserts and re alleges paragraph 1 through 14 as though fully set forth herein.

16. Upon information and belief, cross claim defendant first continental investment corporation "conducted a business" and/or "furnished a service" as those terms are defined in the Deceptive Practices Act N.Y. Gen. Bus. Law Section 349.

17. The note and mortgage that are the subject of this action were entered into in New York.

18. Upon information and belief, defendant first continental mortgage investment corporation and its agents AT Mortgage Inc. DBA First Capitol home, United State Federal Corporation, federal Deposit Insurance corporation, The City

13

of New York, Federal Reserve Bank, Municipal Corporation of the State of New York and The United State of America violated their corporation Charter, the Constitution for the United States of America and the new York State Constitution and federal statute and criminal Law *of Brogan v. United States, 118 S. Ct. 805 (1998), 18 U.S.C. § 100; 18 U.S.C. § 1012; 18 U.S.C. § 1014; 18 U.S.C. § 1341; 18 U.S.C. § 371 and* the Deceptive Practices Act by misrepresenting and omitting material facts including, but not limited to, the following:

a. Misrepresenting to defendant Denise Dalton the nature of the documents she was signing;

b. Upon information and belief, misrepresenting, in particular, the payment obligations of the note by stating that defendant's Robert Simon obligations under the note and mortgage would consist only of monthly payments in the amount of $ $600 month for (30) years while concealing the existence of a balloon payment in the amount of $ 200,000 due;

c. Failing to disclose to defendant Robert Simon that the amount of the balloon payment is greater than the amount financed;

d. Failing to provide defendant Robert Simon with a copy of any contract, note or mortgage;

e. Failing to provide defendant Robert Simon with the requisite notices of cancellation;

f. Statutory damages for misrepresenting to defendant Robert Simon that fees payable from the proceeds of the mortgage were bona fide and reasonable and necessary for the extension of credit;

14

g. Statutory damages for failing to disclose to defendant Robert Simon that the mortgage is negatively amortizing;

h. Costs, and

i. Reasonable attorney's fees.

19. Defendant Robert Simon suffered serious injury as the proximate result of the deceptive practices committed by the parties.

20. Upon information and belief, defendant first continental mortgage investment corporation is liable to defendant Robert Simon for the following damages

a. statutory damages for the misrepresentation to defendant Robert Simon of the nature of the documents signed;

b. statutory damages for the misrepresentation to defendant Robert Simon of the payment obligations under the note.

c. statutory damages for failing to disclose to defendant Robert Simon that the amount of the balloon payment is greater than the amount financed.

d. statutory damages for the failure to provide defendant Robert Simon with a copy of any contract, bond, note or mortgage;

e. statutory damages for failing co provide defendant Robert Simon with the requisite notices of cancellation;

f. statutory damages for misrepresenting to defendant Robert Simon that fess payable from the proceeds of the mortgage were bona fide and reasonable and necessary for the extension of credit;

g. statutory damages for failing to disclose to defendant Robert Simon that the mortgagees negatively amortizing;

h. costs; and

i. reasonable attorney's fees

## AS AND FOR A FORTH AFFIRMATIVE DEFENSE, AND FOURTH COUNTERCLAIM, DEFENDANT ALLEGES:

21. Defendant Robert Simon reasserts and re alleges paragraphs 1 through 20 as though fully set forth herein.

22. Upon information and belief, defendant first continental mortgage investment corporation and its agents AT Mortgage Inc. DBA First Capitol home, United State Federal Corporation, federal Deposit Insurance corporation, The City of New York, Federal Reserve Bank, Municipal Corporation of the State of New York and The United State of America violated the Deceptive Practices Act by engaging in a practice of extending credit to defendant based on collateral with knowledge that defendant Robert Simon would be unable to make the scheduled payments to repay the obligation.

23. Defendant Robert Simon suffered serious injury as the proximate result of the deceptive practices committed by the parties.

24. Upon information and belief, defendants first continental mortgage investment corporation, AT Mortgage Inc. DBA First Capitol home, United State Federal Corporation, federal Deposit Insurance corporation, The City of New York, Federal Reserve Bank, Municipal Corporation of the State of New York and The United

16

State of America is liable to defendant Robert Simon for the following damages:

a. Statutory damages for engaging in the extension of credit to defendant Robert Simon based on collateral with knowledge that defendant Robert Simon would be unable to make the scheduled payments to repay the obligation;

b. Costs; and

c. Reasonable attorney's fees.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, AND FIFTH COUNTERCLAIM, DEFENDANT ALLEGES:

25. Defendant Robert Simon reasserts and re alleges paragraphs 1 through 24 as though fully set forth herein.

26. Upon information and belief, at the time defendant Robert Simon entered into the mortgage with defendant first continental mortgage investment corporation, it was represented by agents of defendant first continental mortgage investment corporation that a prior mortgage initially held by Washington mutual and subsequently would be satisfied in full out of the proceeds of the cross claim defendant first continental mortgage investment corporation mortgage.

27. Upon information and belief, payments totaling at least $156.604.41 prior mortgagee were disbursed to Washington mutual, acting as attorney for Washington mutual prior mortgagee and out of the proceeds of the cross claim defendant first continental mortgage investment corporation.

28. Christiana Bank & Trust Company As trustee of the sequoia funding trust, as assignee of the prior mortgage, has brought a

17

foreclosure action against defendant Robert Simon, alleging that he has defaulted on the prior mortgage, which is pending in this Court by Notice of Removal from the New York State Supreme Court, in the county of Queens, Index No. 12845-06.

29. Upon information and belief, had defendant known that the prior mortgage was to be paid off in full with the proceeds of the cross claim defendant first continental mortgage investment corporation, he would not have entered into the cross claim defendant first continental mortgage investment corporation mortgage under its current terms.

30. Upon information and belief, at or about the time defendant Robert Simon entered into the cross claim defendants first continental mortgage investment corporation mortgage, AT Mortgage Inc. DBA First Capitol home, United State Federal Corporation, federal Deposit Insurance corporation, The City of New York, Federal Reserve Bank, Municipal Corporation of the State of New York and The United State of America violated their corporation Charter, the Constitution for the United States of America and the new York State Constitution and federal statute and criminal Law *of Brogan v. United States, 118 S. Ct. 805 (1998), 18 U.S.C. § 100; 18 U.S.C. § 1012; 18 U.S.C. § 1014; 18 U.S.C. § 1341; 18 U.S.C. § 371 and* the Deceptive Practices Act by inducing defendant Robert Simon, through misrepresentation, into entering the cross claim defendant first continental mortgage investment corporation mortgage based upon the belief that she was satisfying the prior mortgage.

31. Defendant Robert Simon suffered serious injury as the proximate result of the deceptive practices committed by defendant first continental mortgage investment corporation.

18

32. Upon information and belief, defendants first continental mortgage investment corporation, AT Mortgage Inc. DBA First Capitol home, United State Federal Corporation, federal Deposit Insurance corporation, The City of New York, Federal Reserve Bank, Municipal Corporation of the State of New York and The United State of America is liable to defendant Robert Simon for the following damages:

a. Statutory damages for misrepresenting to defendant Robert Simon nature of the transaction into which she entering;

b. Costs, and

c. Reasonable attorney's fees.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, AND SIXTH COUNTERCLAIM, DEFENDANT ALLEGES:

33. Defendant Denise Dalton reasserts and re alleges paragraphs 1 through 32 as though fully set forth herein.

34. Upon information and belief, defendants first continental mortgage investment corporation, AT Mortgage Inc. DBA First Capitol home, United State Federal Corporation, federal Deposit Insurance corporation, The City of New York, Federal Reserve Bank, Municipal Corporation of the State of New York and The United State of America "conducted a business" and "furnished a service" as those terms are defined in the Deceptive Practices Act N.Y. Gen. Bus. Law Section 349.

35. Upon information and belief, defendants first continental mortgage investment corporation, AT Mortgage Inc. DBA First Capitol home, United

19

State Federal Corporation, federal Deposit Insurance corporation, The City of New York, Federal Reserve Bank, Municipal Corporation of the State of New York and The United State of America violated the Deceptive Practices Act by unilaterally altering the terms of the prior mortgage, without the knowledge or consent of defendant Robert Simon.

36. Upon information and belief, defendants first continental mortgage investment corporation, AT Mortgage Inc. DBA First Capitol home, United State Federal Corporation, federal Deposit Insurance corporation, The City of New York, Federal Reserve Bank, Municipal Corporation of the State of New York and The United State of America violated the Deceptive Practices Act by failing to provide defendant Robert Simon with a copy of the subordination agreement.

37. Defendant Robert Simon suffered serious injury as the proximate result of the deceptive practices committed by the parties.

38. Upon information and belief, defendants first continental mortgage investment corporation, AT Mortgage Inc. DBA First Capitol home, United State Federal Corporation, federal Deposit Insurance corporation, The City of New York, Federal Reserve Bank, Municipal Corporation of the State of New York and The United State of America is liable to defendant Robert Simon for the following damages:

a. Statutory damages for unilaterally altering the terms of the prior mortgage through a subordination agreement entered into without the knowledge or consent of defendant Robert Simon;