UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
CHRISTIANA BANK & TRUST COMPANY,
AS TRUSTEE OF THE SEQUOIA TRUST,

                Plaintiff,

          -against-                <u>MEMORANDUM AND ORDER</u>
                                     06-CV-3206(JS)(ETB)

DENISE DALTON, also known as DENISE
RICHARDS, ROBERT SIMON, NEIGHBORHOOD
HOUSING SERVICES OF JAMAICA, INC.,
THE BROOKLYN UNION GAS COMPANY,
CRIMINAL COURT OF THE CITY OF NEW
YORK, NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE, NEW YORK CITY
PARKING VIOLATIONS BUREAU, NEW YORK
CITY ENVIRONMENTAL CONTROL BOARD,
JOHN DOE 1 THROUGH 10, inclusive,
the names of the ten last named
Defendants being fictitious, real
names unknown to the Plaintiff, the
parties intended being persons or
corporations having an interest in,
or tenants or persons in possession
of, portions of the mortgage,

                Defendants.
-----------------------------------X
APPEARANCES:
For Plaintiff:       Richard F. Komosinski, Esq.
                    Knuckles & Komosinski, P.C.
                    220 White Plains Road, 6th Floor
                    Tarrytown, New York 10591

For Defendants:
Denise Dalton       Denise Dalton, <u>pro</u> <u>se</u>
                    156-10 43rd Avenue
                    Jamaica, New York 11434

Robert Simon        Robert Simon, <u>pro</u> <u>se</u>
                    4 Whinston Street
                    Coram, New York 11727
Remaining
Defendants:           No Appearance

```
Cross-Defendants:
United States
Federal Corp.          Thomas A. McFarland, Esq.
                       United States Attorneys Office
                       Eastern District of New York
                       610 Federal Plaza
                       Central Islip, New York 11722
Federal Reserve
Bank                   Michelle H. Kalstein, Esq.
                       Federal Reserve Bank of New York
                       33 Liberty Street, 7th Floor
                       New York, NY 10045
```

SEYBERT, District Judge:

Pending before this Court is Federal Reserve Bank ("Federal Reserve") and First Continental Mortgage Investment Corporation's ("First Continental") motion to dismiss the cross-claims of Denise Dalton ("Dalton") and Robert Simon ("Simon"), Plaintiff's motion to remand to state court, and Defendant Simon's motion for a default judgment against First Continental Mortgage Investment Corporation, AT Mortgage, Inc., d/b/a First Capital Home, United States Federal Corporation, Federal Deposit Insurance Corporation, Municipal Corporation of the State of New York, and the United States of America. For the reasons stated below, Federal Reserve and First Continental's motion to dismiss Simon and Dalton's cross-claims is GRANTED, Plaintiff's motion to remand to state court is DENIED, and Simon's motion for a default judgment is DENIED.

<u>BACKGROUND</u>

On June 7, 2006, Plaintiff, Christiana Bank & Trust Company, as Trustee of the Sequoia Funding Trust ("Plaintiff"),

commenced this action in New York Supreme Court in the County of
Queens on June 7, 2006. (Complaint ("Compl.") at 1.) Plaintiff
attempted to foreclose on a mortgage to secure $200,000 on a
property located in Jamaica, Queens ("Property"). (Compl. at 3.)
On March 29, 2005, Dalton executed, acknowledged, and delivered to
Plaintiff's assignor a note for the amount of $200,000 ("Note").
(Compl. ¶ 4, Ex. A.) Dalton executed a mortgage to the mortgagee
as collateral security for payment on the Note ("Mortgage").
(Compl. ¶ 5, Ex. B.)

The mortgage was duly recorded in the Queens County
Clerk's Office on July 29, 2005. (<u>Id.</u> ¶ 7.) Thereafter, the
mortgagee assigned the Note and Mortgage to Plaintiff, which was
also recorded ("Assignment"). (<u>Id.</u>) In the event of default on
the monthly payments of $1,609.25, the Note holder - which was now
Plaintiff - could sell the mortgaged premises. (Compl. ¶¶ 6, 8.)
Dalton defaulted on the Note. (<u>Id.</u> ¶ 9.) Plaintiff exercised its
acceleration rights under the Note and Mortgage and elected to
collect the whole principal sum due, which was $200,000. (<u>Id.</u> ¶
10.)

Plaintiff also sued Simon in the foreclosure action
because Dalton allegedly deeded the Property to Simon on July 29,
2005, which was duly recorded. Simon's interest in the Property is
subject and subordinate to Plaintiff's mortgage lien. (<u>Id.</u> ¶ 16.)
Plaintiff also sued a number of organizations who either have

3

mortgages or judgments affecting the Property. (<u>Id.</u> ¶¶ 17-22.)  On June 28, 2006, Simon and Dalton removed the state foreclosure action to this Court, which also has had two other related actions pending before it.  <u>See Simon v. First Cont'l Mortgage Inv. Corp.</u>, 05-CV-4882 (E.D.N.Y. filed Oct. 18, 2005); <u>Simon v. Plaza Homes, LLC</u>, 07-CV-0555 (E.D.N.Y. filed Feb. 7, 2007).

On August 2, 2007, Dalton filed a First and Ninth Amendment Answer, and on August 8, 2007, Simon filed a nearly identical Answer.  Both Dalton and Simon allege cross-claims against several of the other named Defendants in this case.  The rather lengthy cross-claims allege that First Continental Mortgage and AT Mortgage gave Simon a mortgage, with the assistance of the other counter-claim defendants, and that the various entities violated the Truth in Lending Act, Federal Reserve Regulation Z, the New York Deceptive Practices Act, New York General Obligations Law, the Uniform Commercial Code, the New York Penal Law, and the "Door-to-Door Sales Act."  Federal Reserve Bank and First Continental seek to dismiss these cross-claims on the ground of <u>res judicata</u>.

<u>DISCUSSION</u>

Federal Reserve and First Continental argue that Simon and Dalton's cross-claims are to their Complaint in <u>Simon v. First Continental Mortgage Investment Corp., et al.</u>, No. 05-CV-4882 (hereinafter "Simon I").  In Simon I, Simon filed a Complaint

4

against First Continental and Federal Reserve, and a number of other Defendants who Simon now names in his third-party Complaint. Simon I alleged essentially the same facts now alleged in Simon's third-party complaint, that First Continental and Federal Reserve, along with others, conspired to convey the property at issue in both cases to Simon with a fraudulent mortgage and promissory note.

On September 30, 2007, this Court dismissed Simon I for failure to comply with Federal Rule of Civil Procedure 8, and for failure to state a claim against the defendants. The Court dismissed the claims with prejudice, finding that leave to amend would be futile because Plaintiff could not plead any facts that would entitle him to relief. Thereafter, both Simon and Dalton simultaneously appealed and filed a motion for reconsideration of the dismissal in Simon I. On July 8, 2008, the Second Circuit Court of Appeals found that the appeal lacked an arguable basis in fact or in law, and on September 3, 2008, this Court denied the motion for reconsideration.

Simon and Dalton's cross-claims are essentially identical to Simon I. Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980). Res judicata endeavors to impart consistency and finality to legal decisions. Specifically, res

judicata will prevent a party from relitigating a claim if four conditions are met: 1) there was a final judgment on the merits in the first action; 2) the judgment was rendered by a court of competent jurisdiction; 3) the first action involved the same parties or their privities; and 4) the first action involved the same cause of action.  In re Teltronics Services, Inc., 762 F.2d 185, 190 (2d Cir. 1985); see also Greenberg v. Bd. of Governors of Fed. Reserve Sys., 968 F.2d 164, 168 (2d Cir. 1992).  The claim preclusion doctrine bars not only those issues actually adjudicated in the first proceeding, but also any other issue or claim that could have been raised or decided, but was not. See, e.g., Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398, 101 S. Ct. 2424, 2427-28, 69 L. Ed. 2d 103 (1981); Clarke v. Frank, 960 F.2d 1146, 1150 (2d Cir. 1992).

        Although Simon and Dalton now seek to recover under different federal statutes, the claims are nonetheless identical. "[A] shift in legal theories or a new or different ground for relief sought does not of itself work magic and dissolve the defense of res judicata . . . . [A] plaintiff cannot escape the effect of the adverse determination by clothing the claim in a different garb."  Multi-State Communications, Inc. v. United States, 648 F. Supp. 1203, 1206 (S.D.N.Y. 1986) (quoting Brontel, Ltd. v. New York, 571 F. Supp. 1065, 1070 n.11 (S.D.N.Y. 1983). "[W]hatever legal theory is advanced, when the factual predicate

upon which claims are based are substantially identical, the claims are deemed to be duplicative for purposes of res judicata." Berlitz Schools of Languages, Inc. v. Everest House, 619 F.2d 211, 215 (2d Cir. N.Y. 1980).

In this case, the Court finds that Simon and Dalton's cross-claims are identical to the Complaint in Simon I, and therefore GRANTS Christiana Bank and Federal Reserve's motion to dismiss, and DISMISSES Simon and Dalton's cross-claims.

II.  Motion To Remand

Plaintiff moves to remand this action to state court. Dalton and Simon have not responded to Plaintiff's motion to remand.

Plaintiff argues that Simon and Dalton removed the action to this Court on the basis that this action is related to Simon I.[1]

---

[1] The Court notes Simon and Dalton's original basis for removal, that this Court had supplemental jurisdiction over this Complaint because of Simon I, was flawed. Supplemental jurisdiction under 28 U.S.C. § 1367(a) is not a source of original jurisdiction for federal question purposes. See New York City Sch. Constr. Auth. v. Bedell Assocs., 1997 U.S. Dist. LEXIS 15597, *13 (E.D.N.Y. 1997) (citing Fabricius v. Freeman, 466 F.2d 689, 693 (9th Cir. 1971)) (holding that the existence of a related case in federal court does not itself provide grounds for removal); McClelland v. Longhitano, 140 F. Supp. 2d 201 (N.D.N.Y. 2001) ("Almost every single authority to address this issue has concluded that the supplemental jurisdiction statute cannot be used [as an independent source of removal].").
     Moreover, although this Court has original jurisdiction based on diversity jurisdiction, Simon and Dalton could not have based removal on diversity jurisdiction because several of the defendants are New York citizens. See 28 U.S.C. § 1441(b); Flores v. Merck & Co. (In re Fosamax Prods. Liab. Litig.), No. 07-CV-2442, 2008 U.S. Dist. LEXIS 57473, at *37 (S.D.N.Y. July

According to Plaintiff, because the Court dismissed Simon I, this case should be remanded to state court.

A removing party must establish by "competent proof" that the court has subject matter jurisdiction over the action.  R.G. Barry Corp. v. Mushroom Makers, Inc., 612 F.2d 651, 655 (2d Cir. 1979); Ellis v. Provident Life & Accident Ins. Co., 929 F. Supp. 751 (S.D.N.Y. 1996).  In this regard, where a motion to remand has been filed, the burden of persuasion remains upon the removing party, and any substantial doubts as to the propriety of removal must be resolved against the proponent of the federal forum. Nicola Products Corp. v. Showart Kitchens, Inc., 682 F. Supp. 171

_____

28, 2008)("§ 1441(b) permits the removal of diversity cases only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.") (internal quotation omitted).

Nonetheless, Plaintiff did not move to remand within 30 days of removal, and therefore waived the argument that removal was faulty.  See Hamilton v. Aetna Life & Casualty Co., 5 F.3d 642, 644 (2d Cir. 1993) (although there was no authority for pro se plaintiff to remove his own complaint to federal court, the defect was waived by defendant's failure to raise the matter within 30 days of removal); Williams v. KFC Nat'l Mgmt. Co., 391 F.3d 411, 416 (2d Cir. 2004) ("[W]e have held that, even if removal was statutorily improper, a party opposing removal must move to remand within the 30 day limitation or the objection will be forfeited (except for objections that implicate constitutional subject matter jurisdiction such as a lack of diversity or a federal question).").  Plaintiff did not raise Simon and Dalton's faulty supplemental jurisdiction claim, or the procedural defect with regard to removal based on diversity jurisdiction, within 30 days of removal; therefore, the only question before the Court at this late stage is whether the Court has subject matter jurisdiction.

(E.D.N.Y. 1988).

A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  28 U.S.C. § 1447.  Courts have construed this Rule strictly, in the interest of conserving judicial resources.  See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth., 435 F.3d 127, 132 (2d Cir. N.Y. 2006) ("[A]ny case in which removal is not challenged within 30 days of removal is to remain in federal court, unless subject matter jurisdiction is lacking."); Shapiro v. Logistec USA Inc., 412 F.3d 307, 315 (2d Cir. Conn. 2005) ("The district court . . . erred in remanding the case to state court" based on a procedural error where more than thirty days had passed since the filing of the notice of removal, and the court had diversity jurisdiction.); In re Methyl Tertiary Butyl Ether Prods. Liab. Litig., No. 00-CV-1898, 2007 U.S. Dist. LEXIS 89584, at *6 (S.D.N.Y. Dec. 3, 2007) ("[I]f thirty days after the filing of the notice of removal have passed, a motion to remand is barred . . . unless it raises a challenge to this Court's subject matter jurisdiction.").  This theory is well illustrated here, where the Complaint has been pending in federal court now for over two years, and a remand would require the state court re-familiarize itself with a Complaint that has long since left its jurisdiction.

In this case, Plaintiff has not shown that this Court

lacks subject matter jurisdiction over this case. It appears that the Court still has jurisdiction over the matter because of the diversity of citizenship. From the papers submitted thus far, it does not appear that Plaintiff is a citizen of New York, which would divest the Court of diversity jurisdiction.

"A business organized as a corporation, for diversity jurisdiction purposes, is 'deemed to be a citizen of any State by which it has been incorporated' and . . . also 'of the State where it has its principal place of business.'" Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 306, 126 S. Ct. 941, 163 L. Ed. 2d 797 (2006) (quoting 28 U.S.C. § 1332(c)(1). While state banks "fit comfortably within this prescription[,]" federal banks do not because "they are not incorporated by 'any State.'" Id. For diversity jurisdiction purposes, national banks are "deemed citizens of the States in which they are respectively located." 28 U.S.C § 1348. Here, there are no facts before the Court that would indicate that Plaintiff is a citizen of New York, which would divest the Court of diversity jurisdiction.

Because the parties are diverse, and the amount in controversy exceeds the jurisdictional threshold, this Court still retains jurisdiction over this matter based on diversity. Thus, the Court must DENY Plaintiff's motion to remand. See Zido v. Werner Enters., 498 F. Supp. 2d 512, 514 (N.D.N.Y 2006) (denying motion to remand based on lack of federal question because the

court could still hear the matter based on diversity jurisdiction).

III. <u>Motion For A Default Judgment</u>

Simon and Dalton filed a motion on February 4, 2008, seeking a default judgment against the cross-defendants, First Continental, At Mortgage, Inc., d/b/a First Capital Home, United States Federal Corporation, Federal Deposit Insurance Corporation, the City of New York, Federal Reserve, Municipal Corporation of the State of New York, and the United States of America.  The motion for a default judgment is DENIED.

"[D]efaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party."  <u>Enron Oil Corp. v. Diakuhara</u>, 10 F.3d 90, 96 (2d Cir. 1993).  At the outset, the Court notes that First Continental and Federal Reserve timely responded to Simon and Dalton's cross-claims by filing the above-mentioned motion to dismiss, and the remaining Federal Defendants timely responded on December 17, 2008.  Accordingly, there is no basis for a default against these cross-defendants.  Although the City of New York and Municipal Corporation of the State of New York have not answered the cross-claims, default is still not warranted because the Court has already dismissed Simon and Dalton's cross-claims.  <u>See</u> <u>Germosen v. Cox</u>, No. 98-CV-1294, 1999 U.S. Dist. LEXIS 17400, at *67 (S.D.N.Y. Oct. 29, 1999) ("Because the Court has considered all

11

of [the plaintiff's] claims against the private defendants and found them to be meritless, the motions for default judgment are denied.").

IV.  <u>Appeal Of Magistrate Judge's Order</u>

Dalton and Simon appeal from Magistrate Judge E. Thomas Boyle's Order, dated February 4, 2008, wherein Magistrate Judge Boyle held that discovery shall be completed by May 30, 2008, and there will be no further extensions except to avoid a manifest injustice.  The appeal, which spews legal jargon and string cites cases, argues that Magistrate Judge Boyle abused his discretion in failing to dismiss the foreclosure action for failure to prosecute and for failure to comply with this Court's July 20, 2007 Order. The Court finds Simon and Dalton's appeal to be completely without merit.

First, a motion to dismiss must be filed with the district court, and not with the magistrate judge.  Next, Dalton and Simon already filed a motion to dismiss the underlying Complaint, which this Court denied on March 28, 2007.  Therefore, Magistrate Judge Boyle did not have the authority to dismiss the underlying Complaint, and in fact, Magistrate Judge Boyle's Order does not address dismissal whatsoever.  Finally, this Court's July 20, 2007 Order merely referred this case to Magistrate Judge Boyle for the purpose of conducting all pre-trial discovery.  It is unclear how either Magistrate Judge Boyle or the parties failed to

comply with this Court's July 20, 2007 Order.  Magistrate Judge Boyle's February 4, 2008 Order addresses solely the date upon which discovery was to be completed.  Dalton and Simon do not appeal any aspect of the decision ordering that discovery be completed by May 30, 2008.  Because the arguments in Dalton and Simon's appeal are misplaced and irrelevant, the Court cannot find any basis for reviewing Magistrate Judge Boyle's February 4, 2008 discovery order.  Accordingly, Simon and Dalton's appeal is DENIED.

<u>CONCLUSION</u>

        For the reasons stated above, First Continental and Federal Reserve's motion to dismiss Simon and Dalton's cross-claims is GRANTED, Plaintiff's motion to remand is DENIED, Simon and Dalton's motion for a default judgment is DENIED, and Simon and Dalton's appeal of Magistrate Judge Boyle's February 4, 2008 Order is DENIED.


                                SO ORDERED.


                                /s/ JOANNA SEYBERT
                                Joanna Seybert, U.S.D.J.


Dated:    Central Islip, New York
          September  29 , 2008




13