```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CHRISTIANA BANK & TRUST COMPANY,
AS TRUSTEE OF THE SEQUOIA TRUST,

                Plaintiff,

           -against-                         MEMORANDUM AND ORDER
                                             06-CV-3206(JS)(ETB)

DENISE DALTON, also known as DENISE
RICHARDS, ROBERT SIMON, NEIGHBORHOOD
HOUSING SERVICES OF JAMAICA, INC.,
THE BROOKLYN UNION GAS COMPANY,
CRIMINAL COURT OF THE CITY OF NEW
YORK, NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE, NEW YORK CITY
PARKING VIOLATIONS BUREAU, NEW YORK
CITY ENVIRONMENTAL CONTROL BOARD,
JOHN DOE 1 THROUGH 10, inclusive,
the names of the ten last named
Defendants being fictitious, real
names unknown to the Plaintiff, the
parties intended being persons or
corporations having an interest in,
or tenants or persons in possession
of, portions of the mortgage,

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:          Richard F. Komosinski, Esq.
                        Mark Knuckles, Esq.
                        Kenneth J. Flickinger, Esq.
                        Melanie Freda Finkel, Esq.
                        Knuckles & Komosinski, P.C.
                        220 White Plains Road, 6th Floor
                        Tarrytown, New York 10591

For Defendants:
Denise Dalton           Denise Dalton, pro se
                        156-10 134th Ave.
                        Jamaica, NY 11434

Robert Simon            Robert Simon, pro se
                        Peter Young Shelter
                        11-40 Pacific Street
                        Brooklyn, NY 11216
```

| | |
|---|---|
| The Brooklyn Union Gas Company: | Steven P. Grodensky, Esq.<br>LeSchack & Grodensky, P.C.<br>20 Thomas Street<br>New York, NY 10007 |
| Neighborhood Housing Services of Jamaica, Inc.: | Kent B. Dolan, Esq.<br>Lifflander Reich LLP<br>1221 Avenue of Americas, 26th Floor<br>New York, NY 10020-1089 |
| Remaining Defendants: | No Appearances. |

SEYBERT, District Judge:

Plaintiff Christiana Bank & Trust Company ("Christiana Bank") has filed the following motions: (1) for summary judgment against Defendants Denise Dalton and Robert Simon; (2) to dismiss Ms. Dalton's and Mr. Simon's counterclaims against it; (3) to substitute U.S. Bank Trust National Association ("U.S. Bank Trust"), as Trustee of the Sequoia Funding Trust, in its place as Plaintiff; (4) to amend the caption to add Toni Melvin as "John Doe #1", Ira Dalton as "John Doe #2", and Tiarah Dalton as "John Doe #3", and to discontinue this action against John Does #4-10; (5) to grant a default judgment against the Brooklyn Union Gas Company, Criminal Court of the City of New York, New York State Department of Taxation and Finance, New York City Parking Violations Bureau, New York City Environmental Control Board (hereafter, the "Defaulting Defendants"), Toni Melvin, Ira Dalton, and Tiarah Dalton (hereafter, the "Former John Doe Defendants"); (6) to extend the Notice of Pendency filed on June 7, 2006 for a period of three

years, nunc pro tunc, from June 7, 2009; and (7) for whatever other relief the Court deems necessary and proper.  For the foregoing reasons: (1) summary judgment is GRANTED as to Ms. Dalton but DENIED as to Mr. Simon, and, sua sponte, the claims against Mr. Simon are DISMISSED AS MOOT; (2) the motion to dismiss is DENIED; (3) the motion to substitute U.S. Bank Trust as the Plaintiff is GRANTED (hereafter, the Court will construe these motions as being made by U.S. Bank Trust); (4) the motion to amend the caption is GRANTED; (5) the motion for a default judgment is GRANTED as to the Defaulting Defendants but DENIED as to the Former John Doe Defendants[1]; and (6) the motion to extend the Notice of Pendency, nunc pro tunc, is GRANTED.

BACKGROUND

This is a mortgage foreclosure action.  On March 29, 2005, Ms. Dalton took out a $200,000 mortgage on her home in Jamaica, Queens with First Continental Mortgage Investment Corporation ("First Continental"), thereby paying off an existing mortgage on the property.  Pl. Rule 56.1 Stmt. ¶ 2.  In so doing, Ms. Dalton conveyed a security interest in her property to First Continental.  Id. at ¶ 3.  The mortgage and security interest were later assigned to Christiana Bank.  Id. at ¶ 4.

---

[1] Christiana Bank apparently moved for a default judgment against these individuals and entities twice, and the Court referred one of Christiana Bank's pending default judgment motions to Magistrate Judge Boyle.  This referral is now VACATED.

Ms. Dalton never made a single payment on her mortgage, leaving an unpaid principal balance of $200,000. Id. at ¶ 5. On June 7, 2006, Christiana Bank filed suit in the New York Supreme Court, County of Queens, seeking to foreclose on the property. This action named Mr. Simon because, at the time, Ms. Dalton had purported to convey an interest in the premises to him. It named the Defaulting Defendants because, at the time, the Defaulting Defendants had obtained judgments against Ms. Dalton, Mr. Simon, or against individuals whom Christiana Bank believed might be Ms. Dalton's or Mr. Simon's aliases. In naming the Defaulting Defendants, Christiana Bank sought to clear the property's title by making sure that – even if the Defaulting Defendants had judgments against Ms. Dalton or Mr. Simon – those judgments did not constitute liens on the property superior to Christiana Bank's mortgage. Christiana Bank's Complaint also named ten John Doe defendants, but did not explain why.

Shortly after Christiana Bank filed suit, Ms. Dalton and Mr. Simon began their on-going Herculean effort to stall, frustrate and impede Christiana Bank's efforts to assert its lawful rights. On June 28, 2006, Mr. Simon filed a 50 page, 100 paragraph Notice of Removal, and both Mr. Simon and Ms. Dalton moved to dismiss. Although Mr. Simon peppered this Notice with quotes from the Lord Protector Oliver Cromwell and case citations spanning 200 years, his attempt to remove this action was utterly frivolous. But

4

Christiana Bank failed to file a timely motion to remand. And so, given complete diversity between the parties (though with New York State defendants), this Court acquired jurisdiction it should never have had.[2] Mr. Simon's and Ms. Dalton's motions to dismiss were equally nonsensical, and the Court denied these motions on March 28, 2007. See March 28, 2007 Order ("Defendants simply spew out legal jargon; they provide no factual assertions for why such statutes and grounds constitute reasons for dismissal of the action").

Undeterred by the denial of their frivolous motion to dismiss, Mr. Simon and Ms. Dalton continued their quest to frustrate Christiana Bank's foreclosure efforts. On August 24, 2007, Mr. Simon filed his first collateral appeal before the Second Circuit. His objection? That the Court had referred this case to Magistrate Judge Boyle for pre-trial discovery efforts. Mr. Simon and Ms. Dalton also brought counterclaims and cross-claims against numerous entities, including First Continental and the Federal Reserve Bank. Mr. Simon and Ms. Dalton have not, however, filed counterclaims against Christiana Bank. The Second Circuit denied

---

[2] See Shapiro v. Logistec USA, Inc. 412 F.3d 307, 315 (2d Cir. 2005) (because "in-state citizenship of the defendants . . . did not go to the district court's subject matter jurisdiction," the district court should have denied untimely motion to remand); Williams v. KFC Nat'l Mgmt. Co., 391 F.3d 411, 416 (2d Cir. 2004) (if non-removing party fails to file a timely motion to remand, case should only be remanded if the Court lacks subject matter jurisdiction).

Mr. Simon's first collateral appeal and, on September 29, 2008, the Court dismissed the cross-claims brought against First Continental and the Federal Reserve Bank.

On September 26, 2008, Christiana Bank sent a letter requesting permission to move for summary judgment, enclosing its Rule 56.1 Statement. Mr. Simon and Ms. Dalton did not file timely Rule 56.1 Counter-Statements. Instead, on October 30, 2008, Ms. Dalton moved to stay the case for 60 days. Mr. Simon, for his part, filed his second collateral appeal (which the Second Circuit has since dismissed), this time protesting the Court's order that he and Ms. Dalton must file their Rule 56.1 Counter-Statements by November 3, 2008. But, although filing his appeal, he never filed a Rule 56.1 Counter-Statement. Ms. Dalton finally filed her Rule 56.1 Counter-Statement on March 3, 2009, long after the Court-imposed deadlines had passed and without any explanation for her tardiness. And, rather than actually responding to Christiana Bank's Rule 56.1 Statement with citations to admissible evidence, Ms. Dalton instead set forth nothing more than cursory denials and bizarre legal theories.

The end result is that, four and a half years after Ms. Dalton defaulted on her mortgage without making a single payment, Christiana Bank (and now, U.S. Bank Trust) still has not been able to successfully foreclose on the property.

Tired of Mr. Simon's and Ms. Dalton's legal pranks, U.S.

Bank Trust moved on April 1, 2009 for summary judgment and the other relief noted above. Neither Mr. Simon nor Ms. Dalton have filed any opposition to Christiana Bank's motions. The Brooklyn Gas Company has appeared but not challenged the motion for default judgment. Ira and Tiarah Dalton have not formally appeared, but have submitted a letter indicating that they just learned about the case and have no idea why they have been named as parties. This letter also indicated that, although they accepted service, they do not remotely resemble the "Ira Dalton" and "Tiarah Dalton" who were supposed to be served. Specifically, the "Ira Dalton" described is female, not male, and the "Tiarah Dalton" described is supposedly aged 36-50, not 22 years old. The remaining Defaulting Defendants and Toni Melvin have not appeared.

## DISCUSSION

I. The Summary Judgment Motion

    A. Standard of Review

"Summary judgment is appropriate where there are no genuine disputes concerning any material facts, and where the moving party is entitled to judgment as a matter of law." Harvis Trien & Beck, P.C. v. Fed. Home Loan Mortgage Corp. (In re Blackwood Assocs., L.P.), 153 F.3d 61, 67 (2d Cir. 1998) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

"The burden of showing the absence of any genuine dispute as to a material fact rests on the party seeking summary judgment." McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir. 1997); see also Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). "In assessing the record to determine whether there is a genuine issue to be tried as to any material fact, the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." McLee, 109 F.3d at 134.

"Although the moving party bears the initial burden of establishing that there are no genuine issues of material fact, once such a showing is made, the non-movant must 'set forth specific facts showing that there is a genuine issue for trial.'" Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000). "Mere conclusory allegations or denials will not suffice." William v. Smith, 781 F.2d 319, 323 (2d Cir. 1986). Similarly, "unsupported allegations do not create a material issue of fact." Weinstock, 224 F.3d at 41.

B. Ms. Dalton

U.S. Bank Trust's Rule 56.1 Statement, and the supporting evidence, sufficiently establishes that: (1) Ms. Dalton took out a $200,000 mortgage with U.S. Bank Trust's predecessor-in-interest, extinguishing the property's earlier mortgage; and (2) Ms. Dalton defaulted on her mortgage payments. Pl. Rule 56.1 Stmt. ¶¶ 1-5.

8

Ms. Dalton has not formally opposed the summary judgment motion. But she did submit a Rule 56.1 Counter-Statement, albeit several months late and with no explanation or excuse for her tardiness. But, even if the Court were to accept Ms. Dalton's tardy Rule 56.1 Counter-Statement, and even if the Court were to construe this Counter-Statement as an opposition to U.S. Bank Trust's motion, Ms. Dalton has still failed to establish any genuine issue of fact.

In response to U.S. Bank Trust's claims, Ms. Dalton simply avers that she never "sign[ed] any note mortgage" and claims that "they [sic] was some degree of fraud taking place." Dalton Rule 56.1 Counter-Stmt. ¶¶ 1, 4. Ms. Dalton does not explain how her signature appeared on the relevant mortgage documents, or how her previous mortgage was paid off. And, contradicting herself, Ms. Dalton also claims "I unknowingly entered into an agreement that was not in my best interest . . . they had me sign papers thinking I was modifying my loan to a lower payment." Thus, taken as a whole, Ms. Dalton inexplicably claims that she never signed a "note mortgage" but did sign some kind of mysterious "agreement . . . modifying my loan to a lower payment" – an agreement that Ms. Dalton has failed to produce in support of her defense.

Ms. Dalton further contends that the mortgage's assignment to Christiana Bank (and, presumably, its subsequent assignment to U.S. Bank Trust) was defective and, even if proper,

9

"does not give them the right to foreclose on my property." Dalton Rule 56.1 Counter-Stmt. ¶¶ 3, 4. But Ms. Dalton cites to no admissible evidence, or, for that matter, any authority at all to support these claims.

Although Ms. Dalton cites no admissible evidence to support her Rule 56.1 Counter-Statement, she did submit her Counter-Statement as a sworn affidavit. But a self-serving, contradictory affidavit fails to raise a triable issue of fact when it conflicts with documentary evidence.[3] Indeed, even when <u>not</u> refuted by clear documentary evidence (such as the signed mortgage papers here), self-serving, factually unsupported affidavits that merely parrot a complaint's allegations generally fail to raise triable issues of fact.[4]

---

[3] <u>See</u>, <u>e.g.</u>, <u>Dzanoucakis v. Chase Manhattan Bank, USA</u>, 06-CV-5673, 2009 WL 910691, *8 (E.D.N.Y. 2009) ("Plaintiff's own self-serving declaration to the contrary is insufficient, under the circumstances, to raise a triable issue of fact as to the making of the agreement for arbitration."); <u>Ludwig v. City of Jamestown, N.Y.</u>, 2009 WL 483164, *5 (W.D.N.Y. 2009) ("conclusory, self-serving assertions" failed to raise issue of fact concerning whether party's actions "violated the National Electrical Code and posed a safety hazard").

[4] <u>See e.g.</u>, <u>Gracey v. Hofmann</u>, 06-CV-0134, 2008 WL 170601, *5 (D. Vt. 2008) ("a <u>pro se</u> party's bald assertions, unsupported by evidence, are insufficient to overcome a motion for summary judgment."); <u>Wininger v. Searles</u>, 02-CV-0747, 2006 WL 2839136, *6 (D. Conn. 2006) ("A party may not create a genuine issue of material fact simply by presenting contradictory or unsupported statements . . . . A self-serving affidavit that simply reiterates the conclusory allegations of the complaint without other support is insufficient to raise a genuine issue of material fact."). This rule does not apply to certain kinds of discrimination cases. <u>See</u> <u>Danzer v. Norden Sys., Inc.</u>, 151 F.3d

10

Accordingly, the Court finds that Ms. Dalton has not raised any genuine issue of material fact and, consequently, grants U.S. Bank Trust's summary judgment motion as to her.

C. <u>Mr. Simon</u>

Christiana Bank named Mr. Simon as a defendant because, at the time it commenced this action, Ms. Dalton had purported to convey an interest in the subject property to Mr. Simon. Finkel Aff. ¶ 13 & Ex. A. But, on May 24, 2008, Mr. Simon conveyed that purported interest back to Ms. Dalton, extinguishing whatever interest he might have claimed in the property at issue. <u>Id.</u> U.S. Bank Trust's summary judgment papers do not explain why Mr. Simon is still a party to this action, much less what kind of relief is still sought against him. Indeed, U.S. Bank Trust's Rule 56.1 Statement only mentions Mr. Simon in the context of his actions in this litigation. Thus, U.S. Bank Trust has failed to set forth why summary judgment is appropriate against Mr. Simon. On the contrary: from the face of U.S. Bank Trust's summary judgment papers, it appears that the claims against Mr. Simon are moot because he no longer has any interest in the mortgaged property. Consequently, U.S. Bank Trust's motion for summary judgment against Mr. Simon is DENIED and all claims against Mr. Simon are DISMISSED AS MOOT.

---

50, 57 (2d Cir. 1998). But this, obviously, is not a discrimination case.

II. The Motion to Dismiss

U.S. Bank Trust's motion purports to seek dismissal of Mr. Simon's and Ms. Dalton's Counterclaims against it. U.S. Bank Trust has not briefed this motion, or otherwise made any effort to explain it. And the Court is quite baffled by it, because neither Mr. Simon nor Ms. Dalton have ever asserted counterclaims against Christiana Bank or U.S. Bank Trust. Obviously, the Court cannot dismiss non-existent counterclaims. Thus, U.S. Bank Trust's motion to dismiss is DENIED.

III. The Motion to Substitute Parties

Christiana Bank also moves to substitute U.S. Bank Trust National Association, as Trustee of the Sequoia Funding Trust, in its place as Plaintiff, because Christiana Bank has assigned the mortgage and lien against the property to U.S. Bank Trust. That motion is GRANTED.

IV. The Motion to Amend the Caption

U.S. Bank Trust has also moved to amend the caption to add Toni Melvin as "John Doe #1", Ira Dalton as "John Doe #2", and Tiarah Dalton as "John Doe #3", and discontinuing this action against John Does #4-10. U.S. Bank Trust proffers "upon information and belief" that these individuals are tenants at the mortgaged property, and thus necessary parties to a foreclosure action. See Finkel Aff. ¶ 40; 1426 46 St., LLC v. Klein, 60 A.D.3d 740, 742 876 N.Y.S.2d 425, 427 (2d Dep't 2009) ("tenants are

necessary parties to a foreclosure action"). U.S. Bank's motion to amend the caption is GRANTED.

V. <u>The Motion for Default Judgment</u>

U.S. Bank Trust has also moved for a default judgment against the Defaulting Defendants and the Former John Doe Defendants. The Defaulting Defendants have been parties to this case from the beginning. With the exception of the Brooklyn Union Gas Company, they have not appeared in this litigation, despite being duly served. <u>See</u> Finkel Default Aff. ¶¶ 2-6. The Brooklyn Union Gas Company has appeared, but has not filed any answer or motion, or contested the pending motion for default judgment.

The Court finds that U.S. Bank Trust is entitled to a default judgment against the Defaulting Defendants. A failure to respond to a complaint constitutes a concession to all "well-pleaded allegations of liability." <u>See</u> <u>Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.</u>, 973 F.2d 155, 158 (2d Cir. 1992). Here, the Complaint contains well-pleaded allegations of nominal liability – <u>i.e.</u>, that any judgments the Defaulting Defendants may have against Ms. Dalton or Mr. Simon, if liens on the mortgaged property, are subordinate to U.S. Bank Trust's lien. This suffices to establish U.S. Bank Trust's right to a default judgment against the Defaulting Defendants.

The situation is different with respect to the Former John Doe Defendants. The Former John Doe Defendants became parties

13

to this litigation <u>only</u> with the issuance of this Order, which has granted U.S. Bank Trust's motion to amend the caption. Thus, until now, they have had no obligation to respond to the Complaint in any way. Moreover, the Court notes that – even though they are now Defendants – the Complaint contains <u>no</u> allegations whatsoever concerning them. The Court understands that U.S. Bank Trust has named these individuals as nominal defendants because they are tenants at the mortgaged property. <u>See</u> Finkel Aff. ¶ 40. But this allegation appears nowhere in the Complaint – not even as against unnamed "John Doe" defendants. Thus, the Complaint itself states no grounds for even nominal relief against them. Consequently, with respect to the Former John Doe Defendants, U.S. Bank Trust's motion is DENIED WITHOUT PREJUDICE. It may be renewed if: (1) the Complaint is amended to include allegations against the Former John Doe Defendants; and (2) the Former John Doe Defendants fail to respond to this Amended Complaint.

VI. <u>The Motion to Extend the Notice of Pendency</u>

U.S. Bank Trust has also moved to extend the Notice of Pendency, first issued on June 7, 2006, for another three years, <u>nunc</u> <u>pro</u> <u>tunc</u> from June 7, 2009. Under New York law, a Notice of Pendency provides "constructive notice" of an action concerning interests in a piece of real estate. <u>Diaz v. Paterson</u>, 547 F.3d 88, 90 (2d Cir. 2008). Once filed, a person who records a conveyance or incumbrance upon the property becomes "bound by all

14

proceedings taken in the action . . . to the same extent as a party." Id. (citing N.Y. C.P.L.R. 6501). A Notice of Pendency lasts for three years but, prior to its expiration, a plaintiff may move to extend it for a "like additional period" for "good cause shown." Provided that the plaintiff moves for an extension "well in advance" of the expiration date, the Court has the power to grant such an extension nunc pro tunc. Makovic v. Aigbogun, 41 A.D.3d 342, 837 N.Y.S.2d 570 (1st Dep't 2007). Here, U.S. Bank Trust has shown "good cause," as it requires this extension due to Ms. Dalton's and Mr. Simon's strenuously frivolous efforts to delay these proceedings. Thus, its motion to extend the Notice of Pendency nunc pro tunc is GRANTED.

VII. The Motion for Other Relief

U.S. Bank Trust has also formally moved for "such other and further relief as this Court deems necessary and proper." The Court does not deem any particular relief "necessary and proper" at this time.[5] The Court notes, however, that it has viewed Ms. Dalton's and Mr. Simon's litigation tactics with considerable

---

[5] The Court has not granted a default judgment against the Former John Doe Defendants, or against Defendant Neighborhood Housing Services of Jamaica, Inc. (indeed, U.S. Bank Trust did not move for any judgment against this entity). Thus, it cannot enter U.S. Bank Trust's proposed final judgment. U.S. Bank Trust is invited to either pursue its efforts to obtain a judgment against these Defendants, or it may elect to file an amended Final Judgment that does not extinguish whatever interest the Former John Doe Defendants or Neighborhood Housing Services of Jamaica, Inc. may have in the property.

15

disfavor.  If U.S. Bank Trust wishes to move for sanctions against Ms. Dalton and/or Mr. Simon, the Court would look upon such a motion favorably.  However, the Court cautions that, as a practical matter, any such sanctions might prove difficult to enforce.

CONCLUSION

For the foregoing reasons: (1) summary judgment is GRANTED as to Ms. Dalton but DENIED as to Mr. Simon, and, <u>sua sponte</u>, the claims against Mr. Simon are DISMISSED AS MOOT; (2) the motion to dismiss is DENIED; (3) the motion to substitute U.S. Bank Trust as the Plaintiff is GRANTED; (4) the motion to amend the caption is GRANTED; (5) the motion for a default judgment is GRANTED as to the Defaulting Defendants but DENIED as to the Former John Doe Defendants; and (6) the motion to extend the Notice of Pendency, <u>nunc pro tunc</u>, is GRANTED.  Due to this Order, the Court's June 16, 2009 Order referring U.S. Bank Trust's default judgment motion to Magistrate Judge Boyle is VACATED.

U.S. Bank Trust is ORDERED to serve a copy of this Order upon Denise Dalton, Robert Simon, Toni Melvin, Ira Dalton, Tiarah Dalton, and the Defaulting Defendants who have not appeared.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    Central Islip, New York
          November   17  , 2009